1 So.2d 309

**PORTER v. STATE.**

6 Div. 624.

Court of Appeals of Alabama.

Jan. 14, 1941.

Rehearing Denied Feb. 4, 1941.

Beddow, Ray & Jones, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of "Assault * * * with intent to * * * rob" (Code 1928, § 3303), and his punishment fixed at imprisonment in the penitentiary for an indeterminate period of from fifteen years, minimum, to twenty years, maximum—the offense for which he was convicted having occurred prior to the effective date of the Act of the Legislature approved August 24, 1939 (Gen. Acts Ala. Reg. Session 1939, p. 438).

The indictment was in Code form, and no question is raised as to its sufficiency.

The facts in the case are as follows—we quote from the Attorney General's brief—to-wit:

"The evidence on the part of the State disclosed that on the late afternoon of August 7, 1939, Mrs. E. H. Andrews had her chauffeur drive her in her automobile to Third Avenue, between Eighteenth and Nineteenth Streets, in the City of Birmingham, and park the automobile. She remained in the car and had her negro chauffeur go across the street to pay a bill at Loveman, Joseph & Loeb. When the chauffeur returned and was in the act of get-

ting under the steering wheel and turning on the switch to start the car, the appellant, noiselessly opened the door of the automobile and got in next to the chauffeur. Mrs. Andrews asked the appellant if he had not made a mistake and gotten in the wrong car. To which inquiry the appellant replied, 'Shut up, or I will kill you, and get going.' Mrs. Andrews, then offered him Five Dollars if he would get out of the automobile. The appellant then said, 'I told you to shut up; and don't make any outcry, because if you make any outcry I'll kill you both. Now you get going and go quick. Now you are going on the road and don't you stop until I tell you, and don't you turn into any side road, because, if you do, I'll blow both of your damn brains out.' The appellant used other vile language at the time and kept getting up closer to the chauffeur all of the time, and kept saying 'Get going.' Mrs. Andrews told the appellant she was going to get out of the car, and he said, 'If you make one move, I'll kill you instantly.' Mrs. Andrews jumped out of the car and called for help. The chauffeur grabbed the appellant and was holding him when an officer appeared on the scene and took the appellant into custody.

"* * * The evidence further disclosed that at the time the appellant was edging over towards the chauffeur, he kept his hands underneath his shirt. Mrs. Andrews was corroborated in her testimony by that of the negro chauffeur, who stated that at the time the appellant said 'Get going,' the appellant had his right hand in his bosom and got as close to the chauffeur as possible, and the chauffeur could feel the appellant's hand in his side, and that the appellant was punching him with something. The chauffeur did not know whether it was the appellant's hand or a pistol. The appellant threatened the chauffeur at that time.

"After the appellant was placed under arrest, he told the officer he was not going to jail; that he had just as well kill him then, as he could not go back to Kilby. The appellant offered no testimony in the case. No motion to exclude the evidence was made by counsel representing the appellant, nor did the appellant request any written instructions. No exceptions were made to the Court's oral charge."

Motion was duly made by appellant to set aside the verdict of the jury and the judgment rendered thereon. It was overruled, and exception properly reserved and presented here. It is the only exception worthy of consideration by us. And, under the circumstances prevailing, *it* is without merit if, indeed, the evidence we have set forth hereinabove made a case against appellant fit to be submitted to the jury. Austin v. State, 29 Ala.App. 327, 195 So. 566.

We entertain no doubt that the evidence affords an inference that appellant had the intention of "unlawfully taking and detaining" the body of Mrs. Andrews in the sense that this would have supported an indictment for assault and battery, or, for that matter, that he did do so. Long v. Rogers, 17 Ala. 540. Nor that, if his intentions had not been thwarted or frustrated, he had the purpose of robbing her of her automobile—certainly of a ride at her expense.

All this, because "intent can only be shown by facts and circumstances from which the jury is authorized to draw the inference." Burk v. State, 22 Ala.App. 107, 114 So. 71, 72.

The motion to set aside the verdict of the jury was overruled without error.

The judgment is affirmed.

Affirmed.