268 So.2d 49

Homer Lee GIBSON

v.

STATE.

3 Div. 117.

Court of Criminal Appeals of Alabama.

Oct. 17, 1972.

B. F. Lovelace, Brewton, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was tried and convicted for the crime of robbery by a jury in the Circuit Court of Escambia County, and his punishment fixed at eleven years in the penitentiary.

On November 11, 1970, Mrs. Ernestine Coale drove her 1968 Le Sabre Buick automobile to the Liberty National Insurance Company Building in Brewton. After completing her business with the Company, she returned to her car and started backing it when three men approached—one on the driver's side and the other two on the passenger's side—and told her they wanted to use her car. The one on the driver's side said, "We want to use your car—get out and we want to use your car." Mrs. Coale said, "I'm not going to do it." One of the two men on the opposite side of the car said, "Well, let's take her with us." Mrs. Coale said, "No, please don't. My husband is in the hospital and he needs me." Whereupon, the man on the driver's side grabbed Mrs. Coale by the arm and pulled her out of the car and slung her down on the pavement and got under the steering wheel. The other two men got in the car —one in the front seat and appellant in the back seat—and the, trio left Brewton and headed for Interstate 65. The State Troopers were alerted and gave chase in an unmarked car. They overtook the fleeing felons on Interstate 65, and upon pointing a pistol at the driver, the car was pulled over and the three were arrested.

The three, Jerry Sanders, David Upshaw and appellant, were separately indicted for robbery and convicted. Sanders and Upshaw did not appeal. They were already serving time for robbery prior to their conviction in the instant case. Both testified at appellant's trial wherein his defense was (1) not guilty, and (2) not guilty by reason of insanity. They stated that appellant didn't do anything toward taking the car and they did not hear him say anything. He just got in the automobile and went along on the ride. Appellant did not testify in his behalf, and we do not know for what crime or crimes he was serving time.

Under the special plea of not guilty by reason of insanity, appellant produced four fellow convicts from Holman prison. The substance of their testimony was that appellant had trouble sleeping, appeared to be nervous, would walk the floor and talk all night, would become angry without

cause, seemed to keep a lot on his mind and was easily influenced into doing things. All of the above abnormalities, noted by the four convicts from Holman, if such they be, could result from confinement incident to prison life. Certain it is that they do not meet the legal test of insanity. Parsons v. State, 81 Ala. 577, 2 So. 854.

■ The words "We want to use your car" *might* warrant the conclusion that the car was taken only with the intent of temporary use as opposed to depriving the owner thereof permanently. If this is true, then the crime of robbery has not been made out. However, it was a question for the jury to determine whether the taking of the automobile, by force, was done with the intention of appropriating it permanently, even though they were attempting to make good their escape. The jury resolved this question against appellant which they had a right to do under the evidence. Root et al. v. State, 247 Ala. 514, 25 So.2d 182; Porter v. State, 30 Ala.App. 46, 1 So.2d 309; State v. Smith, Mo.Sup., 68 S.W.2d 696; People v. O'Neal et al., 2 Cal.App.2d 551, 38 P.2d 430; Etzler v. State, 143 Tex.Cr.R. 327, 158 S.W. 2d 495; People v. Headlee, Cal.App., 108 P.2d 933.

In Ray v. State, 32 Ala.App. 556, 28 So. 2d 116, Judge Harwood (now Justice Harwood) writing for the then Court of Appeals said:

"While a community of purpose on the part of the conspirators to act criminally must exist at the time of the commission of the crime, *such combination may be formed in a flash.* It need not be shown that there was prearrangement to do the specific act complained of. When two or more persons enter upon an unlawful enterprise, with a common purpose to aid, advise, or encourage each other in whatever may grow out of the enterprise, each is liable for whatever may consequently and proximately result if the act done by one were within the purview of the common design. * * *" (emphasis added)

"The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." 22 C.J.S. Criminal Law, § 88(2), page 266.

■ Where several persons participated in a robbery, it is immaterial which one takes the property. Parsons v. State, 33 Ala.App. 309, 33 So.2d 164.

From aught that appears from this record, appellant *could* have been the one who said, "Well, let's take her with us", referring to Mrs. Coale, the owner of the car. Had they carried Mrs. Coale with them, they would also have been guilty of kidnapping. Under these circumstances, it was for the jury to say whether or not a common purpose and design and a concert of action between Sanders, Upshaw and appellant existed.

As in duty bound we have searched the record for errors and have found none. This case is due to be and is affirmed.

Affirmed.

CATES, P. J., and ALMON, TYSON and DeCARLO, JJ., concur.