465 So.2d 472 (1984)
Delin SIMPSON
v.
STATE.
8 Div. 23.
Court of Criminal Appeals of Alabama.
November 13, 1984.
Rehearing Denied December 11, 1984.
*473 F. Timothy Riley, Albertville, for appellant.
Charles A. Graddick, Atty. Gen., and Mary Ellen Fike Forehand, Asst. Atty. Gen., for appellee.
HARRIS, Judge.
Delin Simpson was arrested August 11, 1982, pursuant to an indictment charging him with selling 14.2 grams of marijuana in violation of the provisions of the Alabama Uniform Controlled Substances Act, § 20-2-70, Code of Alabama 1975. Simpson entered a plea of not guilty, and after a trial by jury, a verdict was returned finding him guilty as charged. Simpson was sentenced to a term of thirty months' imprisonment.
Simpson first alleges that he was denied the right to effective assistance of counsel. On October 31, 1983, Simpson appeared before the trial judge without an attorney. He had repeatedly informed the court that he could not afford to hire an attorney, and the trial judge had been adamant in his opinion that Simpson was not indigent. The trial judge ordered Simpson to stand trial that afternoon.
Timothy Riley, a young attorney, consented to the trial judge's request that he assist Simpson in striking a jury for his trial. Riley had never met Simpson, nor was he familiar with any of the particulars of the case. After striking a jury, late that afternoon, Simpson's trial was to begin at 9:00 a.m. the next morning.
Before the trial began the next morning, Riley informed the court that he had agreed to represent Simpson. Riley then made a motion for a continuance to prepare for trial. The motion was denied, and the trial proceeded.
A defense attorney who had volunteered, at the court's request, to assist an unknown defendant strike a jury late one afternoon, when the trial was to begin the next morning, could do little more than request a continuance. This severe time limitation gave the defense attorney inadequate time to gather facts, interview witnesses, engage in pretrial discovery, negotiate for a possible plea with the State, or research the applicable law. There was precious little time to even review the court file and discuss the case with the defendant.
In this instance, it is apparent that the trial judge abused his discretion in not granting the motion for continuance. Brown v. State, 395 So.2d 121 (Ala.Cr.App. 1980), cert. denied, 395 So.2d 124 (Ala. *474 1981); Marler v. State, 382 So.2d 644 (Ala. Cr.App.1980); Kearley v. State, 52 Ala. App. 405, 293 So.2d 322 (1974). It is fundamental that counsel must be given adequate time for preparation. Thompson v. State, 444 So.2d 899 (Ala.Cr.App.1984). Because the denial of the motion for continuance amounted to a denial of effective assistance of counsel, this cause is reversed and remanded for a new trial.
Simpson does raise another issue that, while we do not directly address the matter, some mention of it should, nevertheless, be made.
The evidence clearly showed that the State withheld evidence that was exculpatory and favorable to Simpson's case. At the time of this trial, the State's chief witness against Simpson, Investigator Jim Hester, was under investigation for corrupt practices. During oral argument before this court, it was learned that Hester is currently in federal prison following his conviction for seventeen offenses ranging from conspiracy to distribute marijuana to possessing with intent to distribute marijuana. A prosecutor's duty to produce exculpatory evidence arises in the absence of a specific request, because the exculpatory character of the evidence, if suppressed, would render a fair trial impossible and a violation of the defendant's rights inevitable. Duncan v. State, 456 So.2d 362 (Ala. 1984).
REVERSED AND REMANDED.
TYSON and PATTERSON, JJ., concur.
BOWEN, P.J., concurs in result only.
TAYLOR, J., concurs specially with opinion.
TAYLOR, Judge, concurring specially.
I concur in the result arrived at upon the narrow set of facts presented by this particular case, and with knowledge that the case appears reversible, according to the majority opinion, because of a Brady violation. The judicial system has a fundamental duty to protect its own functionings. No defendant should be able to stop the justice system from working by retaining or discharging attorneys during the course of trial or immediately before trial. We should proceed on a case by case basis to make certain that we correctly balance the rights of defendants to a fair trial with the right of the general public to have its business dispatched efficiently and the right of the justice system to prevent abuses.