McMILLAN, Judge.
This appeal follows a conviction for the offense of violation of the Alabama Uniform Controlled Substances Act, as codified in § 20-2-70, Code of Alabama (1975), and sentence of three years’ imprisonment. For the reasons outlined below, this case is remanded to the trial court.
Prior to trial, defense counsel filed a discovery motion which requested, in part, “any and all tangible objects, books, papers, photographs or documents obtained from any persons relating to any charges *103 against the defendant.” At the trial of the case, the theory behind the appellant’s defense was misidentification. According to the appellant, he physically “closely resembles” his younger brother Freddie except that, at the time of the offense, Freddie was clean shaven. The appellant argues that at the time of the offense he had a full beard, which had been growing for approximately four years. At trial, both of the undercover agents testified that the person who participated in the illegal activity, whom they identified as the appellant, did not have a beard. Additional testimony from the undercover officers indicated that the man who purchased the contraband was shorter than the appellant. Because the appellant’s brother is several inches shorter than the appellant, the argument is again made that the agents were possibly mistaken in their identification of the appellant as the person who participated in the sale of the contraband.
During the trial, defense counsel learned for the first time of the existence of a “mug shot” of the appellant which was taken at the time of the appellant’s arrest and was used by the undercover officers in making this identification. The appellant argues that the State is guilty of “prosecu-torial misconduct” because it did “in fact have in its possession or control a photograph taken of the defendant at the time of his arrest and failed to produce it to defendant.” The significance of the picture is evident because, assuming the picture reveals that the appellant, at the time of the arrest, had a full beard, then the agents may very well have been mistaken as to the identification.
At the close of the State’s evidence, defense counsel moved to exclude the State’s case and, as part of his argument, asserted that the “mug shot” photograph was an essential part of his defense. The following argument was then presented:
“COURT: What about the photograph?
“[State’s attorney]: I’ve never seen it Judge.
“COURT: Is there a photograph available to your knowledge?
“[State’s attorney]: I've never seen it.
“[Defense counsel]: I think just because he’s never seen it is not a good enough reason not to let me have it.
“[State’s attorney]: There’s one big old clause in everything [defense counsel] has talked about and that is, whatever exhibit or whatever he wants [has] got to be introduced or offered at trial. And since I have never seen it I didn’t try to introduce it.
“[Defense counsel]: Judge, the State’s response to [defense request in the pretrial motion] number three is, ‘the State has in its possession no tangible objects, currency, weapons, books, papers or photograph or documents obtained from or belonging to the defendant except some marijuana’ and so forth. And they specifically denied having possession of any photographs.
“COURT: Do you have in your possession any photographs?
“[State’s attorney]: No sir.
“COURT: They say they don’t have possession of any photographs.
“[Defense attorney]: Judge, just because they are turning a blind eye toward it and letting some guy over here have it and then saying, I don’t have it, it is still in their control. I believe [agent] Mobley said himself it was in the possession of the State. I have asked him that very question. And he answered in the affirmative.
“[State’s attorney]: Judge, I will state as an officer of this court, that I have never been in possession, I have never even seen this picture. Quite frankly, I don’t know that it even exists.
“COURT: Does it exist?
“[Defense counsel]: Mobley testified under oath that it [does] exist.
“[State’s attorney]: Yes sir, it does exist.
“COURT: Where is it?
“(WHEREAS, THE STATE ATTEMPTED TO LOCATE THE PHOTOGRAPH.)
“[State’s attorney]: Judge, we haven’t been able to locate the photograph.
“COURT: At this time I am going to deny your motion. And if and when you find the photograph, then we will, on a motion for a new trial, if it becomes *104 necessary, determine whether or not you have been prejudiced and whether or not you are entitled to a new trial.
“[Defense counsel]: Judge, that puts the burden on me to find the State’s photograph.
“COURT: They will produce it and then we will determine whether or not you have been prejudiced. ” (Emphasis added.)
After the jury returned a guilty verdict and the appellant was sentenced, defense counsel filed a motion for a new trial with a request that he be given an opportunity to be heard on the motion. As grounds for the motion for new trial, counsel argued that the State’s failure to produce the photograph “unduly prejudiced” the defense of the case. Because there was no ruling on the trial court motion within 60 days, the appellant asserts that the same was effectively denied.
In response to the argument made by the appellant, the State contends that the argument “must fail” because the appellant has not shown that there was any abuse of discretion in the trial court’s denial of the motion for a new trial.
We are inclined to disagree with the position taken by the State. In the present case, it would appear that the State may have withheld evidence that was exculpatory and favorable to the appellant. Even absent a specific request, the State is under an affirmative duty to produce evidence which, if suppressed, would render a fair trial impossible. As this court, per Judge Harris, stated in Simpson v. State, 465 So.2d 472, 474 (Ala.Cr.App.1984), cert. denied, 465 So.2d 474 (Ala.1985):
“A prosecutor’s duty to produce exculpatory evidence arises in the absence of a specific request, because the exculpatory character of the evidence, if suppressed, would render a fair trial impossible and a violation of the defendant’s rights inevitable. Duncan v. State, 456 So.2d 362 (Ala.1984).”
Because there is an inference that the State may have withheld potentially exculpatory evidence, this case is remanded to the trial court.
Because this is a matter which should be determined at the trial court level, we remand this case, with instructions that the trial court conduct an evidentiary hearing to determine what the photograph in question reveals and whether or not its suppression by the prosecution resulted in prejudice to the appellant. The trial court should then file with this court a transcript of said hearing, along with the trial court’s order, on the return to remand. Because we are remanding this case to the trial court, we will not consider the additional arguments raised by the appellant at this time.
REMANDED, WITH INSTRUCTIONS.
All the Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
Following the remand of this cause, the appellant and his attorney informed the trial court that he wished to dismiss his appeal on the condition that his sentence run concurrent with the sentence in CC-86-91. The trial court ordered that the appellant’s sentence in this cause should run concurrent with all other pending sentences, including CC-86-91. Therefore, this appeal is due to be dismissed.
OPINION EXTENDED; APPEAL DISMISSED.
All the Judges concur.