Mark Randall Johnson was indicted in four counts of theft of property, first degree and one count of burglary, third degree, in violation of § 13A-8-3(b) and *Page 1338 
§ 13A-7-7(a), Code of Alabama, 1975. The jury found the appellant "guilty as charged in Count III of the indictment" for theft of property, first degree. The trial court sentenced the appellant to life imprisonment in the state penitentiary, pursuant to the Habitual Felony Offender Act. The court also ordered the appellant to pay $850 restitution.
On April 5, 1985 Hollis Hilyer returned to his home on North River Road, in Shelby County, Alabama to discover that his 16 foot Astroglass boat with a 65 Mercury outboard motor was missing from his garage. Hilyer stated that his boat, motor and trailer were missing. Hilyer reported the theft to the Shelby County Sheriff's Department.
The Sheriff's Department received information from an informant that the boat in question was located at 913 52nd Place North, in Birmingham, Alabama. Reed Smith, chief investigator with the Shelby County Sheriff's Department and Bobby S. Potwell, Lieutenant with the Birmingham Police Department, went to the above stated address.
The officers talked with Gould Ray Burgess concerning the stolen boat. He showed the officers the boat which he had in his garage. It was determined by comparing the numbers on a sticker of the boat that this was the same boat stolen from Shelby County. The boat was later towed to Kemp's Garage.
On April 17, 1985, after receiving information from a desk clerk at the Days Inn in Birmingham, law enforcement officers were led to room 410 of the Days Inn. The officers, Smith and Potwell, found the appellant, Mark Randall Johnson, and Danny Seals in the room. The officers stated that they were investigating a stolen boat. When the appellant was read hisMiranda rights, he requested to talk to Smith alone, so Danny Seals and Potwell stepped outside. At this time the appellant admitted that he and an accomplice stole the boat and sold it to Burgess for $300.
Hilyer later retrieved the stolen items from Kemp's garage after properly identifying them.
 I
The appellant contends that he was not afforded effective assistance of counsel at trial. The appellant alleges that his court appointed counsel was ineffective in that he failed to: (1) file any pre-trial motions, (2) investigate prior offenses used to sentence the appellant under the Habitual Felony Offender Act, (3) make adequate pretrial investigation, (4) effectively communicate with the appellant prior to trial, (5) inform the appellant of his right to apply as a youthful offender, (6) present witnesses who would show that his confession was not voluntarily given, and (7) object to leading questions.
Under the standards of Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Ex parteBaldwin, 456 So.2d 129 (Ala. 1984), to prove ineffective assistance of counsel, the petitioner must satisfy a two-pronged test. The appellant must show: (1) that counsel's performance was so deficient as to fall below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defendant, which requires a showing that a different outcome of the trial probably would have resulted but for counsel's allegedly ineffective performance.
The appellant claims that his trial counsel was ineffective because he did not file any pre-trial motions, including a motion for speedy trial. The record shows that on May 20, 1988, the appellant's trial counsel filed a motion for production and disclosure, which was granted by agreement. Further, the failure of the trial counsel to file pre-trial motions does not constitute per se inadequacy of legal representation. Bass v.State, 417 So.2d 582 (Ala.Cr.App.), cert. denied, 417 So.2d 588
(Ala. 1982); Watson v. State, 439 So.2d 762 (Ala.Cr.App. 1983).
The next argument by appellant is that trial counsel failed to investigate prior offenses used to sentence the appellant under the Habitual Felony Offender Act. The record shows that, during the sentencing hearing, the State presented proof of four prior felonies, wherein this appellant *Page 1339 
pleaded guilty. The State also showed that the appellant was represented by counsel in each of these prior felonies. The inquiry required of counsel, with respect to prior convictions used for punishment enhancement, is whether there was proof that the appellant was represented by counsel at the time the guilty plea was given and whether such is shown by the record. See Glover v. State, 531 So.2d 705 (Ala.Cr.App. 1988); Brewerv. State, 497 So.2d 567 (Ala.Cr.App. 1986).
The appellant argues that he was denied effective assistance of counsel because trial counsel failed to inform the appellant of his right to apply as a youthful offender. The record reveals that on June 10, 1985, the appellant's previous attorney filed an application for youthful offender. This request was denied. The appellant was notified by prior counsel that he might apply for youthful offender status. The appellant cannot now assert that he was prejudiced because this particular counsel did not inform him that he could apply for youthful offender status, when he had actual knowledge of such right.
The appellant claims ineffective assistance of counsel because his trial counsel did not call any witnesses in his behalf. Specifically, he alleges that Danny Seals' testimony would have established that the appellant was under the influence of alcohol and, therefore, that he did not knowingly and intelligently waive his right to remain silent.
Decisions to call a certain witness at trial are tactical decisions and usually do not constitute ineffective assistance of counsel. Oliver v. State, 435 So.2d 207 (Ala.Cr.App. 1983). Moreover, assuming that Danny Seals testified that this appellant was under the influence of alcohol, this would not ensure that the jury would have returned a different verdict. Because there was testimony by two police officers that the appellant was not under the influence of alcohol or drugs at the time when the appellant confessed, a jury may find that the appellant made a voluntary waiver of his rights.
Additional evidence that the appellant's trial counsel was effective was the fact that he made a motion to suppress the appellant's confession. Trial counsel vigorously argued that the appellant did not make an intelligent waiver of his rights. The trial court, however, denied this motion.
The appellant's other grounds for ineffective assistance of counsel are also without merit. Trial counsel's failure to object to a leading question is not of itself inadequate representation. Woodyard v. State, 428 So.2d 136 (Ala.Cr.App. 1982), aff'd, 428 So.2d 138 (Ala. 1983), cert. denied,462 U.S. 1136; 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983).
The allegations that trial counsel failed to make adequate pre-trial investigation and failed to communicate with the appellant prior to trial are not supported by the record in this cause.
We, therefore, find that the appellant has not shown that his counsel's performance was so deficient as to fall below an objective standard of reasonableness or that the alleged deficient performance prejudiced the appellant. Thus, this cause is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.