The appellant, David Leon Williams, was convicted of burglary and theft, violations of §§ 13A-7-7 and 13A-8-4, Code of Alabama 1975. He was sentenced pursuant to the Habitual Felony Offender Act to serve 30 years in prison.
 I
The appellant initially contends that he was denied his rights to due process and a fair trial. Specifically, he argues that the trial court erred in allowing the state prosecutor to question a witness about the appellant's past convictions. The record shows that the appellant had three prior convictions for forgery, one such conviction for possession of a forged instrument, and one prior conviction for burglary.
The appellant contends that the error occurred during the cross-examination of his wife, Octavia Williams. Ms. Williams was called as a defense witness to testify to the appellant's good general reputation with respect to the specific trait of not taking things that did not belong to him. The record shows the following:
 "[Mr. Griffith, defense counsel] Q: At least while you were around him. Okay. Has he ever had a habit of taking anything that wasn't his, whether it was a paper clip or anything?
 "A: Well, I haven't — I can't say that I [have ever known] him to as far as, you know, bringing anything home or anything. No."
Ms. Williams was then cross-examined by Mr. Phillips, the prosecutor. The record shows the following:
 "Q: I believe Mr. Griffith asked you if he had ever had a problem with taking things that belonged to other people; what was your response to that question?
 "A: You know, I haven't — he [hasn't] brought anything home to me, you know.
 "Q: That wasn't exactly the question that was asked. The question was, and I'll ask it again, has he had a problem with stealing in the past?
 "A: [There have] been accusations made of that, but from as far as me knowing it personally, I can't say.
 "Q: Okay. In fact, he's been convicted of that in the past, has he not?
"A: Yes.
"Q: And you're aware of that?
"A: Yes.
"Q: On how many occasions?
"A: I can't answer that?
"Q: Can't answer that?
"Mr. Phillips: That's all."
(Emphasis added.)
 "If a witness testifies to another's good general reputation only with respect to a specific trait for the purpose of showing that such other did not do a particular bad *Page 1307 
act, the witness may be asked on cross-examination whether he, prior to the alleged act, heard rumors derogatory to such other which are relevant to such specific trait."
C. Gamble, McElroy's Alabama Evidence, § 26.02(14) (4th ed. 1991) (Emphasis original.)
On cross-examination, the prosecutor simply asked Ms. Williams whether she knew whether the appellant had a propensity for "stealing." The phrase "taking something that does not belong to you" and the term "stealing" both address the same specific trait. Ms. Williams's knowledge of the appellant's past convictions involving forged instruments was relevant to the specific trait of "stealing," as to which she had testified earlier on direct examination. See Moseley v.State, 448 So.2d 450 (Ala.Cr.App. 1984); Jefferson v. State,449 So.2d 1280 (Ala.Cr.App. 1984). See also Annot., CrossExamination of Character Witness for Accused With Reference toParticular Acts or Crimes — Modern State Rules, 13 A.L.R.4th 796 (1982). Compare Rule 609(a)(1)(B), proposed Alabama Rules of Evidence, presently being considered by the Alabama Supreme Court. The trial court did not err in allowing this line of questioning.
 II
The appellant also contends that the trial court erred in denying his motion for a new trial on the grounds that his trial counsel's performance was ineffective. He cites several instances of counsel's alleged errors to support his argument.
For the appellant to succeed on his argument that his trial counsel's performance was ineffective, he must meet the two-pronged test promulgated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). The appellant must show 1) that his trial counsel's performance was deficient and 2) that such deficient performance prejudiced his defense. Strickland,466 U.S. at 687, 104 S.Ct. at 2064. Furthermore, "when this court is reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable." Hallford v. State, 629 So.2d 6, 8
(Ala.Cr.App. 1992). The burden is on the appellant to show that his counsel's performance was deficient. Luke v. State,484 So.2d 531 (Ala.Cr.App. 1985).
The appellant initially contends that his counsel should have requested a jury charge addressing voluntary intoxication and its effect on specific intent.
 "Generally, a 'request for jury instructions is a matter of trial strategy and, absent a clear showing of improper or inadequate representation, is to be left to the judgment of counsel.' Parker v. State, 510 So.2d 281, 286 (Ala.Cr.App. 1987); Haynes v. State, 461 So.2d 869, 874
(Ala.Cr.App. 1984)."
Maxwell v. State, 620 So.2d 93, 97 (Ala.Cr.App. 1992). The record shows that the appellant relied on a plea of not guilty by reason of mental disease or defect. He did not assert voluntary intoxication as a defense. Which defense was more plausible was a decision related to trial strategy and was properly to be made by the appellant and his trial counsel — not by this court.
The appellant also argues that his trial counsel's performance was ineffective because, he says, counsel did not object to the state's comments during closing arguments concerning voluntary intoxication. It is not our place to pick through the record and point out every place the appellant's counsel could have made an objection. See Stringfellow v.State, 485 So.2d 1238, 1243 (Ala.Cr.App. 1986). As we noted earlier, the appellant did not rely on voluntary intoxication as a defense. Thus, the comments made during closing concerning voluntary intoxication did not prejudice the appellant's defense.
The appellant contends that his trial counsel should have objected to the question asked of his wife concerning his propensity for "stealing." As we discussed above, the question asked by the state's prosecutor was correct rebuttal. The appellant opened the door for this line of questioning on direct examination of the appellant's wife concerning the good general reputation of the accused with regard to this specific trait. *Page 1308 
There were no grounds to support an objection to the question; thus, the appellant was not prejudiced by his counsel's failure to raise an objection to the question.
The appellant also contends that his trial counsel should not have opened the door, thus allowing the state to question his wife concerning his past convictions. From the record, it appears that in asking his wife if she had ever known the appellant to have the habit of taking things that did not belong to him, the appellant's counsel was attempting to establish that his client had a good general reputation. This was a decision of strategy, and we cannot, in hindsight, second-guess such decisions by trial counsel.
The appellant's last contention supporting his claim of ineffective assistance is that his trial counsel failed to object to the introduction by the state of his waiver of rights form and his statement while he was testifying. Generally, all extra-judicial statements are presumed involuntary, and the burden is on the state to prove that such statements were voluntary, that the accused was informed of hisMiranda[1] rights, that he understood those rights, and that he waived those rights. McCray v. State, 629 So.2d 729
(Ala.Cr.App. 1993). See also Whitlow v. State, 509 So.2d 252
(Ala.Cr.App. 1987); Malone v. State, 452 So.2d 1386
(Ala.Cr.App. 1984).
Our review of the record reveals that the appellant's statement was received into evidence before a proper predicate was established. Applying Strickland, supra, we conclude that trial counsel's conduct, though possibly constituting deficient performance, did not prejudice the appellant's defense. The reception into evidence of the statement did not amount to reversible error. See Arizona v. Fulminante, 499 U.S. 279,111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). The state presented overwhelming evidence showing that the appellant had committed the charged offenses. The state presented two eyewitnesses. One witness testified she saw the appellant exiting the house of the victim with the victim's television. The victim testified that he met the appellant walking down the street, carrying his television set. The appellant's defense was not that he had not perpetrated the offenses. The appellant's defense was insanity. Further, the admitted statement was not a confession; it was merely a statement in which the appellant contended that he had used food stamps to purchase the goods from a third party.
Furthermore, the record shows that the appellant's counsel was appointed only three days prior to trial. The appellant's counsel requested a continuance to adequately prepare himself for trial but the appellant refused to waive his right to a speedy trial and requested that his trial proceed as scheduled. The appellant also refused to allow his counsel to obtain a continuance so that he could be examined by a psychiatrist, although he had pleaded not guilty by reason of insanity. The record shows that the appellant frustrated his defense from the onset of the trial.
From our review of the record and all the attending circumstances, we conclude that the conduct of the appellant's trial counsel did not amount to ineffective assistance underStrickland, supra.
 III
The appellant next contends that the trial court erred in denying his motion to dismiss his counsel. This motion was filed in open court during the trial.
Had the trial court granted the appellant's motion to dismiss his attorney, the trial court would have been forced to declare a mistrial.
 " 'A motion for mistrial implies a miscarriage of justice and is such a serious matter that it should be granted only where there is a fundamental error in the trial which would vitiate the result. Montgomery v. State, 446 So.2d 697, 702
(Ala.Cr.App. 1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984).' Thompson v. State, 527 So.2d 777, 779 (Ala.Cr.App. 1988)."
Oryang v. State, 642 So.2d 979, 989 (Ala.Crim.App. 1993). *Page 1309 
In support of his motion, the appellant contended that his counsel was not prepared to represent him. Reviewing the record, it appears that the appellant attempted to put the trial court in a catch-22. The appellant would not agree to waive his right to a speedy trial so that his counsel could familiarize himself more with the case but he contends on appeal that his trial counsel was not prepared. The trial court did not err in denying the appellant's motion to dismiss his trial counsel.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).