The appellant, William G. Inabinett, Sr., was convicted of solicitation to commit unlawful distribution of a controlled substance, a *Page 171 
violation of §§ 13A-4-1 and 13A-12-211, Code of Alabama 1975. He was sentenced to 10 years in the penitentiary.
The state's evidence tended to show that on March 4, 1992, the appellant solicited Dwight Lilly to sell crack cocaine to Agent Nikki Reynolds of the Alcoholic Beverage Control (ABC) Board and a confidential informant. Agent Reynolds testified that she and Agent Bob Lusk of the ABC Board were working in the Montevallo area, conducting undercover drug purchases. Reynolds, Lusk, and the confidential informant drove to the appellant's house. Reynolds testified that the appellant was standing outside of his house when they arrived. She and the confidential informant walked up to the appellant while Lusk remained in the car.
The appellant said, "What y'all want?" The informant said, "We are looking for some crack." The appellant asked who Reynolds and Lusk were, and Reynolds told him that Lusk was her boyfriend and that they knew the informant. Reynolds testified that about a dozen people were standing in a group behind the appellant's house drinking beer. He motioned to Dwight Lilly, who was in the group. Lilly walked up and the appellant told him to "take care of them." Lilly, Reynolds, and the informant walked to the corner of the house and Lilly then sold three "rocks" of crack cocaine to Reynolds. Reynolds testified that she and the informant returned to the car and they left.
Agent Bob Lusk testified that he observed Reynolds and the informant from his car. His testimony described substantially the same sequence of events described by Reynolds.
Michael Franklin Sparks of the Alabama Department of Forensic Sciences drug chemistry laboratory in Birmingham testified that he analyzed the crack "rocks" purchased from the appellant by Reynolds. He stated that the "rocks" contained the controlled substance cocaine.
The appellant raises four issues on appeal.
 I
The appellant first contends that the trial court erred by denying his motion for a continuance. Specifically, he contends that his trial counsel was not given adequate time to prepare for trial.
The solicitation charge had been pending against the appellant for almost two years at the time of trial. This case had already been continued numerous times because the appellant's original trial counsel had been suspended from the practice of law. However, the record reflects that the appellant's second trial counsel had known the date of his trial for at least four weeks. The appellant argued in his motion to dismiss that four weeks was not adequate time to prepare a defense.
 "A motion for continuance is addressed to the discretion of the trial court, and the court's ruling on it will not be disturbed unless there is an abuse of discretion. Ex parte Saranthus, 501 So.2d 1256, 1257 (Ala. 1986). A motion for continuance due to a lack of time for adequate preparation is a matter entirely within the sound discretion of the trial court and its ruling will not be reversed on appeal absent a plain and palpable showing of abuse. Dawkins v. State, 455 So.2d 220, 221 (Ala.Cr.App. 1984). In Johnson v. State, 500 So.2d 69 (Ala.Cr.App. 1986), we held that two months was adequate time to prepare, and in Gosha v. State, 442 So.2d 138 (Ala.Cr.App. 1983), we held 24 hours' preparation to be sufficient."
Reynolds v. State, 539 So.2d 428, 429 (Ala.Cr.App. 1988).
 " 'It is fundamental that counsel must be given adequate time for preparation.' Simpson v. State, 465 So.2d 472, 474 (Ala.Cr.App. 1984).
 " 'Whether time allowed counsel . . . for preparation for trial is sufficient depends on the nature of the charge, the issues presented, counsel's familiarity with the applicable law and pertinent facts, and the availability of material witnesses.' Burton v. State, 43 Ala. App. 249, 187 So.2d 808 (1966).
 "The number of counts pending against a defendant, as well as the complexity of the case, are certainly factors which may be considered by the trial court in determining whether to grant a defendant's request *Page 172 
for a continuance. . . . What constitutes a sufficient amount of time for adequate preparation of a defense is a subjective, as well as an objective, consideration. We must give the trial court's decision deference. The judge was there; we were not. . . ."
Johnson v. State, 500 So.2d 69, 71 (Ala.Cr.App. 1986).
During the motion for a continuance, the following occurred:
 "THE COURT: Sometime prior to three weeks ago. And at that time, you were told by Judge Crowson the case would be tried today. So for those reasons and also note again that unless there is something complicated about this case that doesn't appear from the file or from the arguments that y'all have made it appears to be a very simple case that would especially — again, I'm not holding your experience and expertise against you but certainly someone of your expertise in these areas I think could prepare for it in a short period of time.
 "So for that reason I will deny the motion to continue the case and we will go forward with trial subject to your other motions."
The record reflects that the trial court considered all relevant factors before reaching its decision. We hold that it did not abuse it discretion by denying the appellant's motion to continue.
 II
The appellant next contends that the performance of his trial counsel was ineffective. He cites several of his counsel's alleged errors to support his argument.
 "For the appellant to succeed on his argument that his trial counsel was ineffective, he must meet the two-pronged test promulgated by the United States Supreme in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). The appellant must show 1) that his trial counsel's performance was deficient and 2) that such deficient performance prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Furthermore, 'when this court is reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable.' Hallford v. State, 629 So.2d 6, 8 (Ala.Cr.App. 1992). The burden is on the appellant to show that his counsel's performance was deficient. Luke v. State, 484 So.2d 531
(Ala.Cr.App. 1985)."
Williams v. State, 641 So.2d 1305, 1307 (Ala.Cr.App. 1994).
The appellant first contends that his trial counsel's performance was ineffective because he did not call two witnesses whom the appellant allegedly wanted to testify. "This decision was a decision of strategy, and we cannot in hindsight, second-guess such decisions by trial counsel."Williams v. State, 641 So.2d 1305, 1308 (Ala.Cr.App. 1994).
The appellant also contends that his trial counsel's performance was ineffective because he did not file a pretrial motion challenging the validity of his arrest warrant. He contends that the warrant was defective because his name was incorrectly spelled. The record reflects that although the appellant's name was originally misspelled on the warrant, the warrant was later corrected. The failure of trial counsel to file pretrial motions does not constitute per se ineffective assistance of counsel. Johnson v. State, 557 So.2d 1337, 1338
(Ala.Cr.App. 1990).
 "Even if counsel's failure to challenge the validity of appellant's arrest warrant rises to the level of professional error as contemplated by Strickland, supra, the appellant once again fails to show how counsel's error deprived him of a fair trial. He does not allege, for example, that incriminating evidence was obtained as a result of his arrest. At worst, the appellant suffered the loss of whatever temporary freedom he might have enjoyed until a second arrest warrant could have been issued."
James v. State, 564 So.2d 1002, 1007 (Ala.Cr.App. 1989). (Citations omitted.)
Furthermore, Rule 3.5, Ala.R.Crim.P., provides:
 "An arrest warrant shall not be invalidated nor shall any person in custody thereon be discharged because of a defect *Page 173 
in form. The arrest warrant may be amended to remedy such defect."
 III
The appellant next contends that the trial court erred by denying his motion to quash the jury venire because he alleges the venire did not represent a fair cross-section of his community as required by the Sixth Amendment.
The Sixth Amendment requires that juries "be drawn from a source fairly representative of the community." Taylor v.Louisiana, 419 U.S. 522, 538, 95 S.Ct. 692, 702, 42 L.Ed.2d 690
(1975). However, "[i]n order to establish a Sixth Amendment fair cross-section requirement violation, the accused has the burden of proving a systematic exclusion of blacks resulting in their underrepresentation on the jury rolls." Stewart v. State,623 So.2d 413, 415 (Ala.Cr.App. 1993).
 "In Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), the United States Supreme Court held that a defendant seeking to establish a prima facie case of a violation of the fair cross-section requirement must demonstrate the following three elements:
 '(1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.' "
Sistrunk v. State, 630 So.2d 147, 149 (Ala.Cr.App. 1993).
The appellant presented evidence at the hearing on his motion for a new trial that jurors in Shelby County are selected randomly by the Administrative Office of Courts (AOC) from a list of licensed drivers in the county. This court has repeatedly held that this method does not violate the fair cross-section requirement. Hogan v. State, 663 So.2d 1017
(Ala.Cr.App. 1994); Sistrunk supra; Stewart, supra; Joyce v.State, 605 So.2d 1243 (Ala.Cr.App. 1992); Rayburn v. State,495 So.2d 733 (Ala.Cr.App. 1986); Vaughn v. State, 485 So.2d 388
(Ala.Cr.App. 1986).
 IV
The appellant last contends that the evidence presented by the state was insufficient for the jury to find him guilty of solicitation to commit unlawful distribution of a controlled substance.
 "In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253
(Ala.Cr.App. 1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493
(Ala. 1985); Cumbo v. State, 368 So.2d 871
(Ala.Cr.App.), cert. denied, 368 So.2d 877
(Ala. 1979)."
Underwood v. State, 646 So.2d 692, 695 (Ala.Cr.App. 1993).
The state's evidence tended to show that the appellant solicited Dwight Lilly to sell crack cocaine to Agent Reynolds and the confidential informant and that Lilly did so. "The crime of solicitation to commit the offense of distribution of a controlled substance is committed where A solicits B to distribute drugs to C." Tyler v. State, 587 So.2d 1238, 1243
(Ala.Cr.App. 1991). The state presented sufficient evidence from which the jury could find that the appellant committed the offense. We will not substitute our judgment for that of the jury. Owens v. State, 597 So.2d 734, 737 (Ala.Cr.App. 1992).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 174