696 So.2d 295 (1996)
Tiko Maurice WEBB
v.
STATE.
CR-94-1374.
Court of Criminal Appeals of Alabama.
December 20, 1996.
Rehearing Denied January 17, 1997
Certiorari Denied May 30, 1997.
*296 Richard Jaffe, Cecilee Beasley, and Stephen Strickland, Birmingham, for Appellant.
Jeff Sessions, Atty. Gen., and Rosa Davis, Asst. Atty. Gen., for Appellee.
Alabama Supreme Court 1960757.
TAYLOR, Presiding Judge.
The appellant, Tiko Maurice Webb, was convicted of manslaughter, a violation of § 13A-6-3, Code of Alabama 1975. The appellant was tried as an aider and abettor to the principal, Anthony Liggons, for the shooting death of Howard Hall, Jr. He was sentenced to 16 years in the state penitentiary.
The state's evidence tended to show that at approximately 7:00 p.m. on October 23, 1992, the Birmingham Police Department responded to a call. Officer Jessie Straiton of the Birmingham Police Department's evidence collection unit, testified that upon arriving, she observed a small pickup truck angled into the edge of an apartment building and that a body, subsequently identified as Howard Hall, Jr., was lying on the ground a few feet from the truck. Dr. Bruce Alexander of the Jefferson County Coroner and Medical Examiner's Office testified that he conducted an autopsy and determined that the cause of death was a gunshot wound to the chest.

I
The appellant contends that the trial court erred in denying his motion to dismiss because, he says, the state's evidence was insufficient as a matter of law to support his conviction for manslaughter. After a review of the record we believe that sufficient evidence was indeed presented to submit the case to the jury for its determination.
The state's evidence showed that the victim was shot by Anthony Liggons. The issue presented here is whether the appellant was an accomplice to the shooting. Dorothy Collie testified that she witnessed the shooting and the events that led to the shooting. She testified that she knew both Liggons and the appellant and that both were together around the area in front of her house when a white truck driven by the victim circled the area. The truck circled several times, and on two occasions Liggons motioned for the driver to stop. The third time the truck stopped and the appellant approached the passenger side of the truck and Liggons approached the driver's side. Collie testified that Liggons and the victim argued, that the appellant opened and shut the passenger side door, and that Liggons shot the victim.
The appellant gave conflicting accounts to police of the facts surrounding the shooting. He told police that he and Liggons had heard shots at a distance and that they ran to a nearby house where they watched television. The appellant testified differently at trial. At trial he stated that Liggons arrived at the site of the shooting after he did. He admitted, at trial, that he had told several lies in his statement to police.
The evidence here presented a jury question as to whether the appellant was an accomplice. The issues presented by this case are similar to the issues addressed by this court in Payne v. State, 487 So.2d 256 (Ala.Cr.App.1986), where we stated:
"`The mere fact that a person witnesses a crime does not make him an accomplice.' Nelson v. State, 405 So.2d 392, 397 (Ala.Cr. App.1980), reversed on other grounds, 405 So.2d 401 (Ala.1981). `The mere presence of a person at the time and place of a crime is not sufficient to justify his conviction for the commission of the crime.' Dolvin *297 v. State, 391 So.2d 129, 133 (Ala.Cr. App.1979), reversed, 391 So.2d 129, 133 (Ala.Cr.App.1979), reversed, 391 So.2d 133 (Ala.1980). However, `if presence at the time and place a crime is committed, in conjunction with other facts and circumstances, tends to connect the accused with the commission of the crime, then the jury may find the accused guilty.' Dolvin, 391 So.2d at 137. `[P]resence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' 22 C.J.S. Criminal Law § 88(2)(d) (1961). Gibson v. State, 49 Ala. App. 18, 20, 268 So.2d 49 (1972).
"`A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense: * * * He aids or abets such other person to commit the offense.' Alabama Code 1975, § 13A-2-23(2). `Any word or act contributing to the commission of a felony, intended and calculated to incite or encourage its accomplishment, whether or not the one so contributing is present, brings the accused within the statute that makes any person concerned in the commission of a felony, directly or indirectly, a principal. No particular acts are necessary to make one an aider or abettor.' Scott v. State, 374 So.2d 316, 318-19 (Ala.1979) (citations omitted). However, `mere consent to a crime, when no aid is given and no encouragement rendered, does not amount to participation.' State v. Tally, 102 Ala. 25, 68, 15 So. 722, 738 (1894).
"`[T]o be an aider or abettor when no assistance is given or word uttered, the person so charged must have been present by preconcert, special or general, or at least to the knowledge of the principal, with the intent to aid him. This view is very clearly stated by Mr. Wharton. He says: "It is not necessary, therefore, to prove that the party actually aided in the commission of the offense. If he watched for his companions in order to prevent surprise, or remained at a convenient distance in order to favor their escape, if necessary, or was in such a situation as to be able readily to come to their assistance, the knowledge of which was calculated to give additional confidence to his companions, in contemplation of law he was aiding and abetting." 1 Whart.Cr. Law, § 210. And the same idea is thus expressed by Mr. Stephens in his Summary of Criminal Law: "The aiding and abetting must involve some participation. Mere presence without participation will not suffice if no act whatever is done in concert, and no confidence intentionally imparted by such presence to the perpetrators." See Connaughty v. State, 1 Wis. 159. And Mr. Bishop says: "A principal in the second degree is one who is present lending his countenance and encouragement, or otherwise aiding, while another does the act." Bish.Cr. Law, 648. And Mr. Wharton further says: "Something must be shown in the conduct of the bystander which indicates [to the perpetrator, manifestly] a design to encourage, incite, or in some manner afford aid or consent to the particular act, though when the bystander is a friend of the perpetrator, and knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone will be regarded as an encouragement. * * * The confederacy must be real. * * * Mere consent to a crime, when no aid is given and no encouragement rendered, does not amount to participation." 1 Whart Cr. Law, 211a, 211c, 211d.' Tally, 102 Ala. at 68, 15 So. 722.

"Although mere presence at the time and place of a crime is not sufficient to justify a conviction for the commission of that crime, presence is a factor to be considered by the jury in determining the guilt of the accused because `mere presence does establish a "material fact, which is the opportunity of defendant to commit the offense." `German [v. State], 429 So.2d [1138] at 1141 [(Ala.Cr.App.1982)].
"To make one accused of a crime an accomplice, `the State must adduce some legal evidence implying that he either recruited, helped or counseled in preparing the [crime] or took or undertook some part *298 in its commission. Criminal agency in another's offense is not shown merely by an exhibition of passivity.' Pugh v. State, 42 Ala.App. 499, 502, 169 So.2d 27 (1964)."
487 So.2d at 261-62 (Emphasis added.) See also Fortier v. State, 515 So.2d 101 (Ala.Cr. App.1987), cert. denied, 484 U.S. 1043, 108 S.Ct. 776, 98 L.Ed.2d 862 (1988); Reeves v. State, 530 So.2d 894 (Ala.Cr.App.1988).
This court further discussed "presence" as it relates to "aiding and abetting" in Gwin v. State, 456 So.2d 845, 851 (Ala.Cr.App.1984), and stated:
"`Aid and abet "comprehend all assistance rendered by acts or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary."` Jones v. State, 174 Ala. 53, 57, 57 So. 31 (1911), quoted in Radke v. State, 292 Ala. 290, 292, 293 So.2d 314 (1974). If the jury is convinced beyond a reasonable doubt that the defendant was present with a view to render aid should it become necessary, the fact that the defendant is an aider and abettor is established. Jones, supra; Raiford v. State, 59 Ala. 106, 108 (1877). `The culpable participation of the accomplice need not be proved by positive testimony, and indeed rarely is so proved. Fuller v. State, 43 Ala.App. 632, 198 So.2d 625. Rather, the jury must examine the conduct of the parties and the testimony as to the surrounding circumstances to determine its existence.' Miller v. State, 405 So.2d 41, 46 (Ala.Cr.App.1981); Watkins v. State, 357 So.2d 156, 159 (Ala.Cr.App. 1977), cert. denied, 357 So.2d 161 (Ala. 1978)."
(Emphasis added.)
There was sufficient evidence presented to submit the case to the jury for its determination. The jury was free to conclude that the appellant's presence when Liggons motioned for the victim to stop, his presence at the opposite side of the car, his opening and closing the car door, and his continued presence with the appellant after the shooting, all established that the appellant was ready and able to aid Liggons in the shooting. For these reasons, the trial court did not err in denying the appellant's motion to dismiss.

II
The appellant further contends that he was denied a fair trial because of alleged prosecutorial misconduct. Specifically, he contends that there were several instances where the prosecutor made comments that were either "improper, irrelevant, or highly prejudicial."
The appellant admits that no objections were made to these comments during trial; he argues, however, that this court should review these instances because, he says, his counsel's performance was deficient in not objecting to these comments by the prosecution. The appellant raised this issue in the trial court in a motion for a new trial filed pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992), overruled, Ex parte Ingram, 675 So.2d 863 (Ala.1996).
"`For the appellant to succeed on his argument that his trial counsel was ineffective, he must meet the two-pronged test promulgated by the United States Supreme in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant must show 1) that his trial counsel's performance was deficient and 2) that such deficient performance prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Furthermore, "when this court is reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel's conduct was appropriate and reasonable." Hallford v. State, 629 So.2d 6, 8 (Ala.Cr.App.1992).'"
Inabinett v. State, 668 So.2d 170, 172 (Ala.Cr. App.1995), quoting Williams v. State, 641 So.2d 1305, 1307 (Ala.Cr.App.1994).
The alleged incidents of prosecutorial misconduct included a comment made during the prosecutions opening statement that children were present at the crime scene. The appellant asserts this was the prosecutor's attempt to assassinate his character. The appellant also asserts that the prosecutor made a highly prejudicial statement during an unrecorded closing statement to the effect that the defendants were going to gamble the evening of the murder and that they were involved in a conspiracy concerning drugs. *299 He also contends that the prosecutor's alleged questioning of a witness about the victim's family was irrelevant and highly prejudicial.
"In reviewing allegedly improper prosecutorial argument, we must first determine if the argument was, in fact, improper. When a prosecutor engages in conduct that deprives the defendant of a fair trial, due process is violated. Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Improper prosecutorial argument is reviewed in the context of the entire trial. United States v. Boyce, 797 F.2d 691 (8th Cir.1986). Prosecutorial misconduct is subject to a harmless error analysis. United States v. Martin, 815 F.2d 818 (1st Cir.), cert. denied, 484 U.S. 825, 108 S.Ct. 89, 98 L.Ed.2d 51 (1987); United States v. Boyce; Oliver v. Wainwright, 795 F.2d 1524 (11th Cir.1986), cert. denied, 480 U.S. 921, 107 S.Ct. 1380, 94 L.Ed.2d 694 (1987)."
Smith v. State, [Ms. CR-91-1733, March 8, 1996] ___ So.2d ___, ___ (Ala.Cr.App.1996).
The standard under which we evaluate the prosecutor's comments is set forth by the United States Supreme Court in Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). The United States Supreme Court stated:
"[I]t `is not enough that the prosecutors' remarks were undesirable or even universally condemned.' Darden v. Wainwright, 699 F.2d [1031] 1031 at 1036 [(1983)]. The relevant question is whether the prosecutors' comments `so infected the trial with unfairness as to make the resulting conviction a denial of due process' Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)."
477 U.S. at 181, 106 S.Ct. at 2471, 91 L.Ed.2d at 157. We find that the remarks here did not so infect the proceedings as to deny the appellant a fair trial.
The appellant also contends that he was improperly sentenced because of prosecutorial misconduct during the sentencing hearing. The appellant contends that the prosecutor made allegedly improper comments, during the sentencing hearing, regarding the appellant's involvement in motioning for the victim's truck to stop.
The comments of the prosecutor were reasonable inferences to be drawn from the evidence as well as legitimate comments on the evidence. "The prosecution, as well as defense counsel, has the right to present its impressions from the evidence, and may argue every legitimate inference that can be reasonably drawn from the evidence." Smith, ___ So.2d at ___, citing Sanders v. State, 423 So.2d 348 (Ala.Cr.App.1982).
We have reviewed the entire arguments of the prosecutor in this case and find no reversible error, either at trial or at the sentencing hearing.
The appellant also alleges that trial counsel failed to adequately prepare the case for trial, failed to interview witnesses, and failed to call witnesses, to draft motions, or to thoroughly investigate the facts and law in his defense. The appellant also alleges that trial counsel failed to question Collie, the state's chief witness, about her attempts to obtain compensation for her testimony, and also failed to interview Collie and her husband before trial and to seek discovery of their criminal records. Finally, the appellant contends that his trial counsel's performance was ineffective because, he says, counsel failed to request charges on a lesser included offense.
The appellant has given a laundry list of reasons he considers his trial counsel's performance to be ineffective; however, his list contains mere allegations with no evidence in the record to support the claims. The appellant's burden of proving that his counsel's deficient performance prejudiced his defense was explained by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as follows:
"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *300 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.
Because of the substantial evidence presented indicating the appellant's guilt, there is no reasonable probability that the result of the trial would have been different but for counsel's alleged errors. There was testimony at the trial that Liggons and the appellant were together during the murder, that Liggons shot the victim, that the appellant fled from the murder scene, and that he then lied several times to the police regarding his involvement. The appellant has not shown that his trial counsel's performance was ineffective.
For the foregoing reasons, this case is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur, except COBB, J., who concurs specially with opinion.
COBB, Judge, concurring specially.
I agree with the majority that the appellant's conviction should be affirmed. I write this special concurrence because the majority omits one factor in its analysis in Part I of its opinion that convinces me that the appellant was more than a witness to this murder; he was a participant.
As the majority correctly notes, "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." 22 C.J.S. Criminal Law, § 88(2)(d) 1961; Gibson v. State, 49 Ala.App. 18, 20, 268 So.2d 49 (1972) (emphasis added). The appellant's conduct after the offense convinces me that his presence was not passive and that he was indeed an active participant in the murder of the victim. Not only did the appellant provide different accounts of the incident to the police and at trial, but he also provided an alibi for the shooter. (C.R. 224.) Providing an alibi is certainly the type of assistance encompassed by the law of complicity.