I agree with the majority that the appellant's conviction should be affirmed. I write this special concurrence because the majority omits one factor in its analysis in Part I of its opinion that convinces me that the appellant was more than a witness to this murder; he was a participant.
As the majority correctly notes, "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." 22 C.J.S. Criminal Law, § 88(2)(d) 1961; Gibson v.State, 49 Ala. App. 18, 20, 268 So.2d 49 (1972) (emphasis added). The appellant's conduct after the offense convinces me that his presence was not passive and that he was indeed an active participant in the murder of the victim. Not only did the appellant provide different accounts of the incident to the police and at trial, but he also provided an alibi for the shooter. (C.R. 224.) Providing an alibi is certainly the type of assistance encompassed by the law of complicity. *Page 301