PATTERSON, Judge.
Larry K. Wilson appeals the denial of his post-conviction petition filed pursuant to A.R.Cr.P. 32. In his petition, he collaterally attacks the validity of his December 6, 1989, conviction for manslaughter in the Jefferson County Circuit Court, Bessemer Division, and his sentence of 16 years’ imprisonment. He contends, inter alia, that his trial counsel was constitutionally ineffective for failing to timely perfect an appeal. He further contends that he was free from fault in counsel’s failure to perfect an appeal. In response to the petition, the state filed an answer and a motion to dismiss. Its answer, however, is no more than a general denial of the allegations of the petition. The trial court granted the state’s motion to dismiss the petition without holding an evidentiary hearing. Although no formal order was issued by the trial court, an entry in the case action summary lists the court’s reasons for granting the state’s motion to dismiss. The entry does not refer to the appellant’s allegation of ineffective assistance of counsel.
In its brief to this court, the state concedes that the petition is facially meritorious as to the allegation that trial counsel was ineffective in failing to perfect a direct appeal of the conviction, and requests us to remand the case to the trial court for an evidentiary hearing on that issue. We agree with the state, and we remand this case with instructions that the trial court conduct an eviden-tiary hearing on the appellant’s contention that he was denied a direct appeal because of his trial counsel’s ineffective representation. We do not address the other issues raised by the appellant because they would be more properly addressed in a direct appeal. The trial court shall take necessary action to see that the circuit clerk makes due return to *1269 this court at the earliest possible time within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.