[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1144 
The appellant, Terry G. Burton, appeals from the circuit court's denial of his Ala. R.Crim.P. 32 petition in which he contests his 1996 convictions for possession of a controlled substance and possession of a pistol after having been convicted of a violent crime. Burton did not appeal from these convictions.
As one of the allegations in his petition, Burton contends that his failure to appeal within the prescribed time was without fault on his part. In support of this ground, Burton asserts in his petition that he was "[n]ot aware or advised of an appeal"; that "[t]he court or petitioner's court appointed attorney fail to reserve his rights to a first appeal"; and "that he was not given a counsel or appointed a counsel by the court to secure his First Appeal as a matter of right, nor did his court appointed attorney at trial secure his right to appeal his conviction and sentence thereafter." These assertions are also the basis of Burton's claim of ineffective assistance of counsel. They are undisputed because the state filed no response to Burton's petition. The circuit court made the following finding in regard to the ground that failure to appeal was through no fault on the part of Burton: "The claim is without merit, and any err or that could have been presented by direct appeal is procedurally barred." The circuit court further found that "the specific allegations of ineffective assistance of counsel are without merit."
On the face of Burton's petition, his claims relating to the failure to appeal are meritorious. Moreover, we find no factual support in the record for the circuit court's findings that these claims are without merit. It is beyond question that a defendant has a *Page 1145 
right to effective assistance of counsel on direct appeal. SeeEvitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821
(1985).
Thus, we must remand this case for further findings by the circuit court. See Rule 32.9(d) ("The court shall make specific findings of fact relating to each material issue of fact presented."). See generally Mancil v. State, 682 So.2d 501
(Ala.Cr.App. 1996); Wilson v. State, 641 So.2d 1268 (Ala.Cr.App. 1993). We adopt the following instructions from Harper v. State,676 So.2d 949, 950 (Ala.Cr.App. 1995), as applicable to this remand order:
 "[T]he court may properly dispose of those allegations [that are meritorious on their face] without an evidentiary hearing under one of two sets of circumstances. First, if has before it `facts supporting the position of each party [that] are fully set out in . . . supporting affidavits' Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App. 1989) (relying on Temp. Rule 20.9(a), Ala.R.Cr.P., now Rule 32.9 (a), which states, in part that `[t]he court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing'). Second, if the events that serve as the basis of the . . . allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991) (wherein the court held that `a judge who presided over the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys passed upon the conduct that conduct that he observed'). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App. 1991) (wherein the court noted that meritorious allegations `warrant either an evidentiary hearing or an adequate explanation for their denial'). In the event that the circuit judge has personal knowledge of the actual facts underlying any of Harper's allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. See Sheats v. States, 566 So.2d 1094 (Ala.Cr.App. 1989)."
In addition to making finding of fact on the issues relating to the failure to appeal, the circuit court is further directed to make more specific findings in regard to the other issues raised in Burton's petition. For example, the court found that some of the issues were precluded, but did not specify which provision of Rule 32.2 precluded each issue. In the event the circuit court grants Burton an out-of-time appeal, see Starks v. State,662 So.2d 1214, 1216 (Ala.Cr.App. 1994) (where an out-of-time appeal is granted, the circuit court cannot then preclude any issue raised in the Rule 32 petition on the ground that the issue could have been, but was not, raised on appeal).
Accordingly, this case is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 63 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
REMANDED WITH INSTRUCTIONS.
ALL JUDGES CONCUR.
 On Return to Remand
The appellant, Terry G. Burton, was arrested on August 3, 1995, for possession of cocaine and possession of a pistol after having been convicted of a crime of violence. He was subsequently indicted on February 9, 1996 in a two-count indictment for unlawful possession of a controlled substance, cocaine, a violation of Ala. Code 1975, § 13A-12-212, and for possession of a pistol after having been convicted of a crime of violence, i.e., robbery in the second degree, a violation of § 13A-11-72 (a). At trial, he pleaded not guilty and was represented by retained counsel. A jury found him guilty of both counts as charged in the indictment, and the trial court sentenced him on the conviction for possession of a controlled substance to life *Page 1146 
imprisonment as a habitual offender with five prior felony convictions, not counting the robbery conviction that was used to prove the pistol charge, and to five years' imprisonment on the conviction for possession or a pistol after having been convicted of a crime of violence. The sentences were ordered to be served consecutively.
At trial, that state's evidence showed that as a result of undercover "buys" of cocaine by the police from the appellant at his apartment, which were taped-recorded, the police obtained a search warrant for his apartment and his automobile. The appellant had leased the apartment and was the sole occupant. In searching the apartment pursuant to the search warrant, the police found, interalia, 17 small "ziplock" plastic bags, each containing "cocaine in the base form" or what is known on the street as "crack" cocaine, a controlled substance. They found $553 under the appellant's mattress in his bedroom and $97 on his person. He was unemployed at the time. They also found a loaded, 9 mm. Jennings automatic pistol in the appellant's automobile. After his arrest and after he was properly advised of his Miranda[1] rights by the police, and after waiving those rights, the appellant made a written statement in which he denied any knowledge of the cocaine found in his apartment, and denied selling any cocaine, but admitted that the pistol belonged to him.
The appellant did not testify at trial, and called only one witness in his defense, his girlfriend, Jennifer Kelly, who testified on direct examination that the pistol found in the appellant's automobile belonged to her, and that numerous people from time to time visited the appellant's apartment. She further testified that even though she rented an apartment nearby in the same apartment project, she "stayed" with the appellant in his apartment and had never seen any cocaine in the apartment when the appellant was present. On cross-examination, she admitted that she had previously given the officers a different statement in which she stated that she had seen the appellant selling cocaine to "lots" of people in the apartment and had seen him "cutting some up" in the kitchen of the apartment, and that the appellant knew that the pistol was in his automobile. She testified that she had lied to the officers in making the statement that the appellant was involved in selling or having cocaine in his apartment, but that she was telling the truth at trial. The jury, with good reason, did not believe her testimony, nor the appellant's denial in his pretrial statement to the police of any knowledge of the cocaine. When the case was submitted to the jury, it returned the verdicts of guilty in 11 minutes.
The appellant did not appeal his convictions.
On November 12, 1996, the appellant filed a post-conviction petition pursuant to Ala. R.Crim.P. 32, collaterally attacking the legality of his convictions. In his petition, he alleged, among other things, that he had been denied the right to appeal through no fault of his own, and that his counsel was constitutionally ineffective for failing to preserve his right to appeal and for failing to pursue his appeal. The allegations were undisputed because the state failed to file a response to the petition. In summarily denying the petition, the trial court found the appellant's claim that he had been denied the right to appeal through no fault of his own to be without merit and to be procedurally barred because "any error could have been preserved by direct appeal." The trial court also found the allegations of ineffective assistance of counsel to be without merit. Finding that the petition was facially meritorious as to the above allegations and that the trial court's findings as to those allegations were not factually supported by the record, we remanded the case to the trial court with instructions that it make specified findings of fact as to the above allegations, as well as the other allegations in the appellant's petition, and to hold an evidentiary hearing, if appropriate. 728 So.2d 1142.
In complying with our order of remand, the trial court appointed counsel to represent the appellant, ordered a transcript of the appellant's original trial to be prepared and delivered to the appellant and his counsel, gave the appellant and his counsel time to *Page 1147 
study the transcript and leave to present any additional matters to the court that they desired, and conducted two evidentiary hearings on the appellant's petition. After the first hearing, the trial court entered an order on June 6, 1997, in which it made findings in reference to certain allegations in the petition and continued the case for another hearing to give the appellant and his counsel time to review the transcript of his original trial and to present additional matters if they desired. After the second hearing the trial court entered its final order on October 2, 1997, denying the petition and setting forth its findings of fact and conclusions of law as to the allegations in the petition. Due return was filed with this court on October 7, 1997, which included a transcript of the appellant's original trial, a transcript of the hearings and proceedings below pertaining to the post-conviction petition, and the orders of the trial court denying the petition and making findings as to the allegations. The judge presiding over the post-conviction proceedings was the same judge who presided over the trial in which the appellant was convicted of the offenses at issue here.
In his petition, as amended, the appellant claims that the judgments of the trial court pursuant to which he was convicted of the crimes of possession of a controlled substance and possession of a pistol after having been convicted of a crime of violence should be set aside on the following grounds: (1) because, he says, his convictions were obtained by use of evidence obtained pursuant to an unlawful arrest; (2) because, he says, his convictions constituted a violation of the double jeopardy, clauses of the state and federal constitutions; (3) because, he says, his convictions were obtained by action of grand and petit juries that were unconstitutionally selected and empaneled; (4) because, he says, he was denied effective assistance of counsel; (5) because, he says, the trial court was without jurisdiction to render a judgment or impose sentence; (6) because, he says, the sentence imposed for unlawful possession of cocaine exceeded the maximum authorized by law or was not authorized by law; (7) because, he says, newly discovered evidence exists; (8) because, he says, he was denied the right to appeal through no fault of his own; (9) because, he says, his conviction of the offense of possession of a pistol after having been convicted of a crime of violence was based on evidence obtained pursuant to an invalid search of his automobile; (10) because, he says, his convictions were obtained by the state's being permitted to introduce into evidence unrelated and prejudicial photographs of him with money and of him gambling; (11) because, he says, the state violated Brady v. Maryland,373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by suppressing his girlfriend's statement that the pistol seized in his automobile belonged to her; and (12) because, he says, the Habitual felony Offender Act, § 13A-5-9 et seq., and the Drug Crimes Amendments Act of 1987, Act No. 87-603, Ala. Acts 1987, are facially unconstitutional and/or unconstitutional in the manner of their application to him.
Grounds 1, 2, 3, 9, 10, 11, and 12 were precluded; the appellant was not entitled to relief on those grounds because they could have been, but were not, raised at trial, Rule 32.2 (a)(3), and could have been, but were not, raised on appeal, Rule 32.2 (a)(5).[2] *Page 1148 
In addition, grounds 1, 3, and 11 lacked specificity as required by Rule 32.6 (b); they are bare allegations that are insufficient to warrant further proceedings. Ground 5 also lacks the required specificity. The trial court clearly had jurisdiction to try the appellant for that crime charged and to impose sentence upon conviction. Where a simple reading of a petition for post-conviction relief shows that, assuming the allegations of the petition to be true, it is obviously without merit or is precluded, the trial court may summarily dismiss the petition without requiring any response from the state. Bishop v. State,608 So.2d 345 (Ala. 1992); Patty v. State, 652 So.2d 337
(Ala.Cr.App. 1994). The trial court's denial of the petition as to these grounds was proper.
In reference to ground 6 — that the sentence imposed for that conviction for cocaine possession exceeded the maximum authorized by law or was otherwise not legally authorized — the appellant contends in his petition that it was improper for the trial court to to enhance his sentence pursuant to the Alabama Habitual Felony Offender Act (§ 13A-5-9) because in Ex parte Chambers, 522 so.2d 313 (Ala. 1987), the Alabama Supreme Court held that the Act was not applicable to defendants convicted of felony drug offenses under the Controlled Substances Act (§§ 20-2-1 et seq.). The reasoning in Chambers was based on the fact that drug-related offenses were handled under the Controlled Substances Act, which was separate from the Alabama Criminal Code. Therefore, the Court concluded that defendants convicted of offenses under the Controlled Substances Act must be sentenced according to the recidivist provisions of that act. Chambers, at 316. However, the Controlled Substances Act has been amended by the Drug Crimes Amendments Act of 1987, Act No. 87-603, Ala. Acts 1987. The Drug Crimes Amendments Acts of 1987 is presently codified at §§ 13A-12-210 through -216. The provisions of this act become a part of Title 13A of the Alabama Criminal Code and that all provisions of Title 13A, including the Habitual Felony Offender Act, are applicable. This act repealed § 20-2-70, the recidivist provision within the Controlled Substances Act, for conduct occurring after its effective date, and it made drug-related crimes subject to the Habitual Felony Offender Act. SeeEx parte Brannon, 547 So.2d 68 (Ala. 1989);Jackson v. State, 582 So.2d 598 (Ala.Cr.App. 1991); and Springfield v. State, 580 So.2d 88 (Ala.Cr.App. 1991). In the instant case, the conduct that gave rise to the appellant's conviction occurred on August 3, 1995, well after the effective date of the Drug Crimes Amendments Act of 1987.[3] We find that the appellant in this case was correctly sentenced pursuant to the Habitual Felony Offender Act. The trial court's denial of the petition as to this ground was proper, because it is without merit.
As to ground 7 — that newly discovered evidence of material facts exists which requires that the conviction or sentence be vacated — the appellant alleged no facts to support his allegation and he failed to plead or otherwise meet the requirements of Rule 32.1 (e)(1-5). The denial of the petition as to this allegation was also proper.
As to allegation 8 — that the appellant was denied the right to appeal through no fault of his own — we note that the trial court considered this allegation on its merits. "Every criminal defendant has a right to appeal his conviction to this court. If the filing of a direct appeal to this court is not timely filed and that untimeliness is the fault of counsel, then counsel's performance has been ineffective." Cunningham v. State,611 So.2d 510, 511 (Ala.Cr.App. 1992). The appellant and his trial counsel testified at the hearings on the petition. After the hearings, the trial court found that the appellant and his counsel discussed the possibility of an appeal shortly after his conviction, that the *Page 1149 
appellant "well knew of his rights to appeal," and that he and his counsel made a decision not to appeal. The trial court further found that "the defendant made a conscious decision that he would not appeal his conviction." The record of the hearings on the petition supports these findings. The appellant's trial counsel testified that he discussed an appeal with the appellant two or three times and that on each occasion the appellant told him "that he did not want to appeal, that he wanted to go ahead and get his sentence stated and get it over." His counsel further testified, "[H]e specifically told me he did not want to appeal. He was tired and in ill health and wanted to be transferred out of the Tallapoosa County Jail and go wherever he was supposed to go." This testimony of the appellant's trial counsel was uncontradicted. The trial court correctly found no merit in this allegation.
In reference to ground 4 — that the appellant was denied effective assistance of counsel at his trial — we note that the trial court found that counsel was not constitutionally ineffective, as alleged, and supported this holding in its order with written finding so fact and conclusions of law. The appellant claimed that his trial counsel was ineffective for the following reasons; he failed to file a notion to suppress the evidence seized by the police in the search of his apartment and automobile; he failed to move for severance of two "unrelated" photographs of the appellant and "sandwich baggies" that contained a "white substance"; he failed to allow the appellant to participate in the making of tactical decisions during his trial; and he failed to preserve the appellant's right to appeal and failed to appeal his convictions.
The appellant's trial counsel, in his testimony at the hearing, gave his reasons for the tactical decisions he made during the trial. In reference to his failure to file a motion to suppress the evidence seized during the search of the appellant's apartment and automobile, he stated that he believed that the search warrant authorizing the search and the search were valid. He testified that, had he attacked the legality of the search warrant and the search, he would have had to call Jennifer Kelley as a witness and this would have disclosed his defense strategy before trial, which he chose not to do at the time. He testified that he chose not to move for a severance of the charges because he and the appellant believed that they had a good chance to win an acquittal for the pistol possession charge with the testimony of Kelley, and that if the jury could be convinced that the pistol did not belong to the appellant, it would be easier and possible to convince the jury that the cocaine in the appellant's apartment belonged to someone other than the appellant because there was evidence that other people who used cocaine visited the apartment on a regular basis. He testified that he did not object to the admission of the "unrelated" photographs because they were not related to the defense strategy and he did not think they were damaging or prejudicial. This evidence consisted of two photographs that had been seized by the police during the search of the appellant's apartment and was admitted into evidence at trial. These photographs were apparently two or three years old. One showed the appellant sitting on a couch holding "some money," and the other showed him playing cards or gambling. Defense counsel testified that the photographs could be viewed as favorable to the appellant because they could explain how he acquired the money found on his person and under his mattress. Counsel testified, "[H]e [the appellant] said that he won money playing cards and I think that would have been a proper explanation as to where money had come from, instead of drug sales." In reference to counsel's failure to object to the admission into evidence of the "sandwich baggies" containing an unidentified "white substance," defense counsel testified that he did not object because the other 17 "ziplock" plastic bags, which had been seized in the appellant's apartment and were introduced in evidence, clearly contained crack cocaine, and even though the white substance in the baggies had not been identified, he did not believe that their introduction into evidence "made any difference in the case." In reference to the appellant's claims that his counsel did not allow him to participate in the making *Page 1150 
of the tactical decisions in the trial of his case and to his claim that his counsel did not preserve his appeal and pursue same, the trial court found that they have no merit. The records supports these findings. The record shows, as we have previously indicated, that the appellant, with advice of his counsel, made a conscious and informed decision not to appeal his case and further that, contrary to his claims, he actively participated with his counsel in making tactical decisions during the trial of his case. The trial court found that the appellant's counsel provided sufficient explanation for the tactical decisions made at the trial. This court should not second-guess strategic decisions by trial counsel. Inabinett v. State, 668 So.2d 170
(Ala.Cr.App. 1995); Williams v. State, 641 So.2d 1305
(Ala.Cr.App. 1994). In denying the petition as to the allegation of ineffective assistance of counsel, the trial court found: "The decisions made by defense counsel do not constitute such a deviation from the normal standards concerning tactical decisions made by attorneys in connection with a trial so as to warrant relief pursuant the United States Constitution."
The trial court further found that the appellant failed to prove by a preponderance of the evidence any facts that would entitled him to the post-conviction relief sought in his petition. Rule 32.3 We agree with the findings of the trial court denying the appellant's post-conviction petition was proper and is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
ALL JUDGES CONCUR.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).
[2] In reference to ground 9, that the appellant's conviction for the offense of possession of a pistol after having been convicted of of a crime of violence was based on evidence obtained as a result of an invalid warrantless search of his automobile, we note that not only did the trial court properly find this ground to be precluded, it also found it to be without merit. It found, that "the affidavit for the search warrant is sufficient to support the search warrant, and the search warrant issued is sufficient to support the search of the defendant's automobile." These findings are supported by the record. The appellant's counsel conceded in his testimony at the hearings on the petition that the search warrant and the search of the apartment and the automobile were valid. In reference to the appellant's additional contention that the pistol did not belong to him, we note that ownership of a pistol is not a requirement for a violation of the statute; rather, constructive possession of a pistol and a prior conviction, for a crime of violence will support a conviction.Dickerson v. State, 517 So.2d 625 (Ala.Cr.App. 1986), rev'd on other grounds, 517 So.2d 628 (Ala. 1987). See also Pugh v. State 51 Ala. App. 164, 283 So.2d 616 (1973);Robinson v. State, 40 Ala. App. 101, 108 So.2d 188 (1959). In this case, the evidence showed that the pistol was kept under the driver's seat of the appellant's automobile, where it was found; that the appellant knew it was there; and that in his pretrial statement to police he admitted that it belonged to him. This was sufficient evidence from which the jury could reasonably conclude that the appellant owned the pistol, and/or had possession of it, and/or had it under his control. See Robinson v. State; §13A-11-72(a). We find that the trial court's denial of the petition as to the merits of these allegations was proper.
[3] The effective date of the drug Crimes Amendments Act is October 21, 1987.