David L. Lucas petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals' judgment affirming the trial court's dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. We granted the petition to review Lucas's claim that his trial counsel had rendered ineffective assistance at his sentence hearing in failing to object to the introduction of allegedly uncertified copies of prior felony convictions, resulting in the mandatory enhancement to life imprisonment without parole of each of his three sentences.
The Court of Criminal Appeals set out the pertinent facts of this case in its unpublished memorandum released on April 20, 2001:
 "[Lucas's] May 1996 convictions included burglary in the first degree, rape in the first degree, and sodomy in the first degree. He was sentenced as a habitual offender to life imprisonment without parole. His convictions and sentence were affirmed on direct appeal. See Lucas v. State, 725 So.2d 1075
(Ala.Crim.App. 1997).
 "In his [Rule 32] petition, filed on October 18, 1999, [Lucas] contends that his trial counsel was ineffective for failing *Page 419 
to fully investigate the circumstances of his arrest and challenging the evidence obtained as a result of the arrest. The State denied the allegations in the petition and asserted that the substantive issues regarding [Lucas's] arrest were precluded from review because they could have been raised at trial or on appeal. Rule 32(a)(3) and (5), Ala.R.Crim.P. Additionally, the State responded that [Lucas] failed to meet his burden of proving ineffective assistance of trial counsel. Rule 32.3, Ala.R.Crim.P.
 "On January 10, 2000, [Lucas] filed a motion to amend his petition alleging that the evidence presented by the State to prove his prior felony convictions had not been properly authenticated and certified. The State, in its motion to dismiss, denied the allegations and asserted that [Lucas's] argument was precluded from review because it could have been raised at trial or on appeal.
 "On February 2, 2000, [Lucas] filed a second motion to amend his petition wherein he argued that the records of his prior felony convictions were not certified by the custodian of the records. Additionally, he alleged ineffective assistance of trial counsel for counsel's failure to object to the admission of improperly certified records. In its answer and motion to dismiss, the State responded that [Lucas's] claims are procedurally precluded from appellate review because they could have been raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. The State, in its motion, further responded:
 "`Without waiving any of the aforementioned procedural bars, [Lucas] claims that two of the priors admitted against him were not certified. [Lucas] admitted in a petition filed last month that the two priors from the U.S. Government were properly certified. He cites law that says the custodian of the records must certify. He then admits that the person who requested them for the State got them certified through the proper custodian. He somehow feels the State is in error because another Federal agent got the records for the State rather than the State going directly to the custodian. There is no legal basis for this claim. He does not seem upset that an investigator in the D.A.'s office requested them. This petition, same as the one last month, is due to be denied.
 "`Both convictions are properly certified. [Lucas] bears the burden of proving that the convictions are not his during the Rule 32 stage. In addition, the issue is procedurally barred because it was neither raised at sentencing or on appeal. While [Lucas] may phrase the challenge in jurisdictional terms, it is really a procedural challenge.
 "[The State] avers that no material issue of law or fact exists which would entitle [Lucas] to relief under Rule 32, and that no purpose would be served by any further proceedings. Rule 32.7, [Ala.R.Crim.P.]'"
The trial court summarily dismissed Lucas's amended Rule 32 petition on March 2, 2000, by noting on its case action summary, "Motion to Dismiss Amended R. 32 is granted."
The Court of Criminal Appeals affirmed the trial court's dismissal of Lucas's petition, stating:
 "In providing for the summary disposition of a petition for postconviction relief, Rule 32.7(d), Ala.R.Crim.P., does not require a statement of the reasons for the dismissal. See Fincher v. State, 724 So.2d 87 (Ala.Crim.App. 1998). *Page 420 
Here, the record indicates that the appellant's claims are either precluded under Rule 32.2(a)(3) [or] (5), Ala.R.Crim.P., and, therefore, fail to establish a facially valid ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984). Thus, the trial court was correct in dismissing [Lucas's] petition based on the State's motion to dismiss. See Swicegood v. State, 646 So.2d 159
(Ala.Crim.App. 1994) (noting that a trial judge's ruling on a Rule 32 petition may be affirmed on appeal if it is correct for any reason.) Cf. Burton v. State, 728 So.2d 1142 (Ala.Crim.App. 1997) (When a simple reading of a Rule 32 petition shows that, assuming the allegations of the petition to be true, it is obviously without merit or is precluded, the trial court may summarily dismiss the petition without requiring any response from the State.)."
Lucas argues that the Court of Criminal Appeals erred by concluding that his claim of ineffective assistance of trial counsel was precluded by Rule 32.2(a)(3) or (5), Ala.R.Crim.P., and by not addressing that claim on the merits.
The record reveals that Lucas was represented by the same counsel at trial and on direct appeal. This Court and the Court of Criminal Appeals have held that a claim of ineffective assistance of trial counsel is not
precluded by the application of Rule 32.2(a)(3) or (5) when the same counsel has appeared on behalf of the defendant both at trial and on appeal. See Ex parte Besselaar, 600 So.2d 978 (Ala. 1992); Strickland v.State, 771 So.2d 1123 (Ala.Crim.App. 1999); Tarver v. State, 724 So.2d 59
(Ala.Crim.App. 1998). As noted above, the Court of Criminal Appeals disposed of all of Lucas's claims by stating that the record indicated that all of them were "either precluded under Rule 32.2(a)(3) [or] (5), Ala.R.Crim.P., and, therefore, failed to establish a facially valid ineffective assistance of counsel claim under Strickland v. Washington,466 U.S. 668 (1984)." (Emphasis supplied.) The function of the adverb "therefore" is usually to connect a statement that follows it with a preceding statement, to show that the latter statement holds true because of the former. In the sentence under consideration in the Court of Criminal Appeals' unpublished memorandum, read literally, the term "therefore" would seem to indicate that Lucas failed to establish a facially valid ineffective-assistance-of-counsel claim because his claim was precluded. The fact that a claim might be precluded under Rule 32.2(a)(3) or (5) would have no bearing on whether the statement of the claim was facially valid.
The State argues that, because Rule 32.3, Ala.R.Crim.P., imposes on a petitioner "the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief," Lucas's "allegations of ineffective assistance of counsel failed to meet the threshold showing that counsel's performance was deficient and below an objective standard of reasonableness nor do they show any prejudice as required by Strickland." (State's brief at 15.) This argument by the State in its brief to this Court focuses on Lucas's alleged failure toprove the dual requirements of ineffective assistance of counsel underStrickland, whereby, according to the State's formulation, "[t]he party claiming constitutional error in the representation provided by trial counsel must show both that trial counsel's actions or omissions were deficient and [that] these deficiencies resulted in actual prejudice to the defendant to such an extent that the validity of the judgment is called into question." The State additionally contends that "[t]he burden of proof is *Page 421 
not satisfied by showing some evidence of either of the two prongs of the Strickland test. Both prongs must be sufficiently pleaded and proved." (State's brief at 11.)
The State does not point to any inadequacy of pleading in Lucas's petition; rather, it simply argues generally at several points in its brief that he failed to prove both prongs of the Strickland test. Rule 32.3 clearly imposes on Lucas "the burden of pleading . . . the facts necessary to entitle [him] to relief," as well as the burden of "proving [those facts] by a preponderance of the evidence"; Rule 32.6(b) requires that his petition "contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds," offering the admonition that "[a] bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceeding." Rule 32.7(d) states that "[i]f the court determines that the petition is not sufficiently specific . . . and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition." Because the proceedings involving Lucas's petition never reached the "proof" stage, we must consider whether his "pleading," i.e., his twice-amended petition, failed, in the words of the Court of Criminal Appeals, "to establish a facially valid ineffective assistance of counsel claim under Stricklandv. Washington."
Lucas charges in his petition that his trial counsel was ineffective for failing to challenge the sufficiency of the certifications of (1) the records for convictions in a military court for rape and sodomy that formed the basis for his general court martial and (2) the record for a conviction in the Circuit Court of Jefferson County for burglary in the third degree. Lucas attached as exhibits to his petition copies of what he asserts were the copies of those records introduced at the sentence hearing. Thus, he presented those records as a part of his "pleading." The averments of the petition, including those records relating to the two court-martial convictions, persuade us that the Court of Criminal Appeals was correct in upholding the trial court's denial of the petition, as it relates to those two convictions, on the basis that "when a simple reading of a Rule 32 petition shows that, assuming the allegations of the petition to be true, it is obviously without merit . . ., the trial court may summarily dismiss the petition without requiring any response from the State" (paraphrasing the holding of Burton v.State, 728 So.2d 1142 (Ala.Crim.App. 1997)).
The records pertaining to Lucas's court-martial convictions,[1] which occurred while he was serving as a seaman in the United States Navy, were obtained by "Participating Agent Bruce E. Knight, Special Agent, NCISFO Washington D.C.," in response to a request he had received from "Morgan Knight, District Attorney Investigator, Birmingham, AL." Agent Knight's statement explaining the process he followed in obtaining "a certified true copy of S/Lucas' 26 May 89 conviction at a general court marital for Article 120 (Rape) and Article 125 (Sodomy)" is a part of the records attached to the petition. He stated that he had "contacted Mrs. Anita Coley, Civ., Administrative Section, Navy-Marine Corps Appellate Review *Page 422 
Activity (Government Division), Building 111, Navy Yard, Washington, D.C." and that she had provided him with "a certified true copy" of Lucas's court-martial convictions. Lucas argues that this reference to Mrs. Coley establishes that she was the legal custodian of the records and that, because her signature appears nowhere on any of those records, the records were not properly certified under Ala. Code 1975, §12-21-73(9), which reads:
 "As an additional or alternative mode of proof, the following documents may be proved as follows: . . . (9) Documents in the departments of the United States government by the certificate of the legal custodian thereof."
Other features of the Navy records demonstrate that Lucas misreads the import of Agent Knight's statement. Knight did not say that Mrs. Coley was the legal custodian or that she personally undertook to certify the records as true copies. Rather, she was the conduit through which he procured the certified copies. The actual certification endorsed on the records is "Certified To Be A True Copy," signed by W.F. Reyes, identified under his signature as "Captain, USMC." Elsewhere in the records Reyes is more fully identified as "Capt. William F. Reyes, USMC, JAGC, Administrative Assistant, Administrative Support Division, DON, Navy-Marine Corps Appellate Review Activity, Office of the Judge Advocate General, Washington Navy Yard, Bldg. 111, Washington, DC." Clearly both Captain Reyes and Mrs. Coley, the latter a civilian employee, worked in the same offices (Building 111), and Captain Reyes was the legal custodian of the records at the time Mrs. Coley obtained them from him for Agent Knight.
Lucas attached as an exhibit to his second amended petition a copy of the transcript of the sentence hearing. It reflects that at that hearing the trial judge discussed his prior familiarity with Lucas's naval court-martial records as a result of having relied on them in an earlier case to enhance a sentence he had imposed on Lucas following his conviction for possession of burglar's tools. After those comments, and after the records had otherwise been discussed in Lucas's presence, and in the presence of his two attorneys and the district attorney, the trial judge addressed Lucas's "lead counsel" as follows: "[M]ay we proceed to sentencing or is there something that suggests to you that you need more time to research the authenticity of these priors?" Counsel responded, "Judge, Mr. Lucas would have the court proceed to sentencing." We conclude that Lucas's challenge to his Navy court-martial convictions on the basis that the records of those convictions were not properly certified and his derivative claim of ineffective assistance of counsel for failure to object to admission of those records at the sentence hearing are refuted by the content of the records.
We turn our analysis next to the third conviction relied on to enhance Lucas's sentence to life imprisonment without parole — a May 16, 1985, conviction in the Circuit Court of Jefferson County for burglary in the third degree. No certification of any sort appears on the face of any of the four pages of the case action summary Lucas has attached as an exhibit to his first amended petition. The State attempts to explain and neutralize the absence of that certification by referring to the "Motion to Dismiss Amended Rule 32 Petition" it filed in the trial court, in which it asserted that what Lucas had submitted with his amended petition was "a Xerox copy" of the records, and that "[a] photocopy never shows the certification. The Clerk's Office always stamps the back of one of the sheets, so as to not interfere with the written material on the case action summary." The State reiterates this contention here, asserting further that *Page 423 
"[t]he trial court was certainly aware of this practice of its own court." That may well be, but we have nothing in the record
before us to substantiate any reverse side certification in this case, or any general practice of that procedure, or the trial judge's knowledge of any such practice.
Because we are bound by the contents of the record before us, and because we cannot base our decision on matters asserted outside the record, we find ourselves dealing with a properly pleaded claim of ineffective assistance of counsel based on counsel's failure to object to the introduction of allegedly noncertified records of prior convictions. The records in question, attached as exhibits to the petition and purportedly complete, bear no certification. The only rebuttal by the State is the bare assertions contained in a motion to dismiss filed in the trial court. Finally, we have a summary dismissal. The validity of the third-degree-burglary conviction necessarily is of critical importance. With it, as the third qualifying felony conviction, each of Lucas's three sentences for commission of a Class A felony was mandatorily enhanced to imprisonment for life without parole. §13A-5-9(c)(3), Ala. Code 1975 (as it read before it was amended effective May 25, 2000). Without it, the sentences would have been "only" life imprisonment or imprisonment for not less than 99 years. §13A-5-9(b)(3), Ala. Code 1975.
Accordingly, the issue whether the case action summary record for this conviction, as relied on at the sentence hearing, was in fact properly certified on its reverse side must be resolved. This should be a relatively easy matter for the trial judge to resolve, one way or the other. We, however, have no way of doing that without remanding this case to the trial court. We cannot simply order a supplemental record because the record in this Rule 32 proceeding can show only what Lucas attached as exhibits to his petition — the face of each page of the case action summary sheets. It is the record of the sentence hearing, including both sides of the documents introduced at that hearing to prove the conviction in question, to which resort must be had. Accordingly, the only avenue open to us by which we can obtain copies of the reverse sides of the pages of the case action summary for the burglary conviction is to remand this case to the Court of Criminal Appeals for it, in turn, to remand the case to the trial court for that purpose.
Therefore, we remand this case to the Court of Criminal Appeals for it to remand the case to the trial court with instructions to review the record of the sentence hearing to ascertain the status of the reverse sides of the case action summary pages in question. The trial court shall then certify its findings in its order on return to remand, within 21 days from its receipt of the remand order.
REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and HOUSTON, LYONS, JOHNSTONE, WOODALL, and STUART, JJ., concur.
SEE, J., concurs in the result.
BROWN, J., recuses herself.
[1] A conviction resulting from a court-martial proceeding conducted pursuant to the Uniform Code of Military Justice may, if it otherwise qualifies as a felony under Rule 26.6(b)(3)(iv), Ala.R.Crim.P., be used to enhance a sentence pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975. Esters v. State, 480 So.2d 615
(Ala.Crim.App. 1985). *Page 424