MURDOCK, Justice.
This case involves the summary denial of a Rule 32, Ala: R.Crim. P., petition for postconviction relief from a capital-murder conviction and death sentence. This Court granted certiorari review to consider whether -a Rule 32 petitioner has a duty to plead facts negating the affirmative defenses of preclusion under Rule 32.2(a)(3) and (5), Ala. R.Crim. P. (claims that could have been, but were not, raised at trial or on appeal, respectively);

*572
I. Facts and the Proceedings Below ■

The evidence at trial showed that Rex Allen Beckworth and his1 younger Half brother, James Walker, broke into' the house of Bessie Lee Thweatt, an 87-year-old widow who lived alone in á rural area surrounded by farmland.[1] Thweatt was beaten and shot in the head with a .22 caliber rifle. She died as a result of the attack. Among other things, Thweatt’s house was ransacked. There was evidence indicating that Thweatt. was known to keep a substantial sum of money at her house.
After his arrest, Beckworth made two statements to law enforcement officials that were tape-recorded and later introduced into evidence in his trial. In those statements, Beckworth admitted that he broke into Thweatt’s house with the intent to steal from her, but he claimed that Walker was the one who beat and shot Thweatt.
The jury convicted Beckworth of capital murder, see § 13A-5-40(a)(4), Ala.Code 1975 (murder made capital because it was committed during a burglary), and he was sentenced to death. Beckworth’s conviction and death sentence were affirmed on direct appeal. Beckworth v. State, 946 So.2d 490 (Ala.Crim.App.2006) (“Beck-worth I ”).
On June 22, 2007, Beckworth timely filed the present Rule 32 petition for post-conviction relief, alleging,', among other claims, .that the State 'failed to, disclose evidence favorable to the defense as required by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Beckworth alleged that the State improperly failed to disclose evidence of a statement Walker made to his cell mate, in which Walker admitted that he was the one who had shot Thweatt.[2] Beckworth alleged in his petition:
“225. The state in this ease also withheld the confession of a co-defendant. As in Brady v. Maryland, this demands a new sentencing trial. The facts of this case also mandate a new trial on the issue of guilt or innocence.
“226. ... [T]he prosecution withheld a statement made by co-defendant James Walker to Tim Byrd, a cell mate, that he had committed the murder.
“227. Byrd testified at Walker’s trial that he was Walker’s cell mate in the Houston County Jail after Walker had been arrested and charged with murder. Byrd and Walker had a conversation around June of 2000 in which Walker said that he ¡pulled the trigger. Walker said that it was getting to him. He was having bad dreams and crying. Walker also told Byrd that Mr. Beckworth went with him to commit the burglary.' Byrd made a statement to Investigator Eric Sewell in June 2000 after this conversation.[3]
“228. The prosecution found the statement highly probative. The same District Attorney who withheld the evidence during Mr. Beckworth’s trial called Mr. Byrd to testify' at the later trial of James Walker—
“229. In .Mr. Beckworth’s case, Byrd’s testimony is also material to guilt. Unlike "Brady, whb ‘took the stand and admitted his participation' in the crime’ (37[3] U.S. at 84), Mr. tíéckworth main *573 tained that the was not a participant in the robbery. There'Was no physical evidence linking Mr. Beckworth to- the scene of the crime. Mr. Beckworth’s incriminating statement was susceptible to challenge as involuntary and unreliable....”
(Emphasis added.)
On August 13, 2007, the State filed a response to Beckworth’s Rule 32 petition in which it asserted, among other things, that the present Brady claim was procedurally barred by Rule 32.2(a)(3) and (5) because it could have been, but was not, raised at trial or on appeal. The State also asserted that Beckworth’s Rule 32 claim was insufficiently pleaded because the petition did not include allegations explaining Beckworth’s failure to raise this claim at trial or on appeal. The State also asserted that this Brady claim was insufficiently pleaded because Beckworth did not explain how Walker’s statement was exculpatory in light of the fact that it was consistent with the State’s theory that Beckworth had participated in the crime.
On August 16, 2007, three days after the State filed its response to Beckworth’s Rule 32 petition, the trial court entered an order summarily dismissing Beckworth’s petition. The trial court’s order did not expressly address any of the above-described issues.
On appeal, the Court of Criminal Appeals affirmed the trial court’s summary dismissal of Beckworth’s petition. Beckworth v. State, 190 So.3d 527, 571 (Ala. Crim.App.2009) (“Beckworth II”). As to the Brady claim involving Walker’s statement, the Court of Criminal Appeals held that the claim was precluded because Beckworth failed to allege in' his Rule 32 petition “any facts indicating when he learned of Walker’s alleged statement to Byrd, or indicating that he did not learn about the statement in time to raise the issue in a posttrial motion or on ‘appeal;” Beckworth II, 190 So.3d at 541.
In this regard, although Beckworth’s Brady claim asserts a constitutional violation and therefore is cognizable under Rule 32.1(a), Ala. R.Crim., P,, the discussion by the Court of Criminal Appeals draws from cases discussing the pleading requirements applicable to claims made under Rule 32.1(e), Ala. R.Crim. P. (newly discovered material facts), in concluding that Beckworth should have pleaded facts sufficient to avoid the preclusive bars of Rule 32.2(a)(3) and (5). This Court granted certiorari review to consider whether the Court of Criminal Appeals improperly affirmed the trial court’s summary, denial of Beckworth’s Brady claim on the ground that Beckworth failed to plead facts negating the affirmative defenses of preclusion prescribed by Rule 32(a)(3) and (5).
' II. Standard of Review ■
The sufficiency of pleadings in a Rule 32 petition is a question of law. “The standard of review for pure questions of law in criminal cases is de novo. Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003).” Ex parte Lamb, 113 So.3d 686 (Ala.2011).

III. Analysis

Rule 32.7(d), Ala.R.Crim, P., .provides:
“If the court, determines that,the,. [Rule 32] petition is not sufficiently specific, or is, precluded, or fails to state a claim, or that no material issue of fact or law exists which would .entitle the petitioner to relief and that no purpose would'be served by any 'further proceedings," the court may either dismiss the petition or grant leave to file an .amended petition.”
In this case, .we must decide whether a petition grounded on Rule 32.1(a); must plead facts tending to. negate the affirma *574 tive defenses of preclusion under Rule 32.2(a)(3) and (5) in order to survive summary disposition under Rule 32.7(d). More specifically, must a petition allege facts indicating that the claim could not have been raised at trial or on appeal in order to “state a claim” under Rule 32.1(a)?
Rule 32.3, Ala. R.Crim. P., provides that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Not surprisingly,- therefore, what must be alleged in order to make out a prima facie claim for relief — Le., to avoid summary dismissal under Rule 32.7(d) for failure to sufficiently “state a claim” — depends upon the specific provision of Rule 32 upon which a claim for relief is based and on what ultimately must be proved in order to prevail based on that provision. In the latter regard, Rules 32.1(a) and 32.1(e) differ. Rule 32.1(a) states simply that a petitioner may “secure appropriate relief on the ground that ... [tjhe constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.” A claim for relief under Rule 32.1(e) requires more. Among other things, for relief under Rule 32.1(e) a petitioner must show — and therefore must sufficiently plead — that
“[njewly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
“(1) The facts relied upon were not known by petitioner or petitioner’s counsel at the time- of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable.diligence.”[4]
The fact that the elements of a claim of “newly discovered material facts” as contemplated by Rule 32.1(e) need not be proved in order to entitle the petitioner to relief under Rule 32.1(a) — and, accordingly, need not be pleaded in order to avoid a summary dismissal for failure to state a claim based, on Rule 32.1(a) — does not mean that the preclusive bars of Rule 32.2(a)(3) and (5) might not be applicable. As this Court stated in Ex parte Pierce, 851 So.2d 606, 614 (Ala.2000), “[a]lthough Rule 32.1(e) does not preclude Pierce’s claim [under Rule 32.1(a) ], Rule 32.2(a)(3) and (5) would preclude Pierce’s claim if it could have been raised at trial or on appeal.” The question for purposes of the present case, however, is simply who has the burden of pleading the preclusive bars of Rule 32.2(a)(3) and (5).
Rule 32.3 provides that “[t]he state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its .existence by a. preponderance of the evidence.” (Emphasis added.) Thus, Rule 32.3 does not impose any burden of pleading on the *575 petitioner regarding preclusion, only a burden of disproving preclusion if preclusion is pleaded by the .State, .As we stated in Ex parte Lucas, 865 So.2d 418, 420 (Ala.2002), u[t]he fact that a claim might be precluded under Rule 32.2(a)(8) or (5) would have no bearing on whether the statement of the claim was facially valid.” (Emphasis added.) Accordingly, a dismissal of a Rule 32.1(a) petition on the ground that the petitioner has failed to affirmatively plead the absence of facts sufficient to sustain a defense of preclusion under Rule 32.3 is error.
Of course, the foregoing rationale and result are reflections of the fact that the various grounds of preclusion are waivable affirmative defenses, meaning that the State might or might not elect to raise them in its response to a petitioner’s Rule 32 petition. See Ex parte Clemons, 55 So.3d 348, 353 (Ala.2007) (holding that “the-State may waive the affirmative defense of the procedural bars of Rule 32.2(a)”). See also Ex parte James, 61 So.3d 352, 356 (Ala.2009) (preclusion is an affirmative defense to be pleaded by the State).
In Ex parte Hodges, 147 So.3d 973 (Ala.2011), this Court rejected the notion that a Rule 32 petition must allege facts negating the defense of preclusion and held that the petitioner in that case was entitled to an evidentiary hearing. After noting the petitioner’s. burden .of pleading and the fact that preclusion is an affirmative defense to be pleaded by the State, the Hodges Court quoted from Johnson v. State, 835 So.2d 1077, 1079-80 (Ala.Crim.App.2001), with regard to the distinction between the burden of pleading and the burden of proof:
“ ‘Initially, it is important to distinguish between a petitioner’s burden to plead and a petitioner’s burden to prove.
“ ‘ “[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must only provide ‘a clear and specific statement of the grounds upon which relief is sought.’ Rule 32.6(b), Ala. -R.Crim. P. Once a petitioner has met his burden of pleading .so as to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”
“ ‘Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App.2001). A claim may not be summarily dismissed because the petitioner failed to meet his burden of proof at the initial pleading stage, a stage at which the petitioner has only a burden to plead_’”
Hodges, 147 So.3d at 976 (quoting Johnson, 835 So.2d at 1079-80).
Oh the basis of the foregoing, we must conclude that Beckworth’s Rule 32 petition should not have been dismissed on the ground that his claim for relief under Rule 32.1(a) lacked allegations negating the pre-clusive bars of Rule- 32.2(a)(3) and (5). Accordingly, we reverse the judgment- of the Court of Criminal Appeals to the extent it holds to the contrary, and we remand this case to that Court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.*
MOORE, C.J., and PARKER, SHAW, and BRYAN, JJ., concur.
STUART, J., concurs specially.
BOLÍN, J:, concurs in the result.
MAIN and WISE, JJ., recuse . themselves.**

. Walker was.tried separately ancj convicted for his role in the burglary-murder.i .His conviction and death sentence were affirmed on appeal. Walker v. State, 932 So.2d 140, 145—46 (Ala.Crim.App.2004), aff'd, 972 So.2d 737 (Ala.2007).

. Beckworth's Rule 32'petition- also'raised additional Brady claims relating to other evidence. We did not grárit certiorari as to any of those other claims, however.

. Beckworth’s. trial, was held over two years later, in September 2002,

. In Ex parte Pierce, 851 So.2d 606, 613 (Ala.2000), this Court confirmed the distinction between a claim for relief under Rule 32.1(e) and one under Rule 3 2.1 (a):
“Pierce was not required to prove that this information meets the elements of ‘newly discovered material facts’ under Rule 32.1(e). While the information about Sheriff Whittle's contacts' with the jury may be ‘newly discovered,' , Pierce does not seek relief under Rule 32.1(e). Pierce' does not contend that ‘[njewly discovered material facts exist which require that the conviction or sentence be vacated by the court.' Rule 32.1(e). Instead, Pierce's claim fits under Rule 32.1(a): ‘The constitution of the United States or of the State of Alabama requires a new trial....’ Rule 32.1(a) states a ground for relief distinct from that stated in Rule 32.1(e).” . .

 Note from the reporter of decisions: On November 14, 2014, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion.