JOINER, Judge,
concurring specially.
I concur in the Court’s judgment overruling Réx Allen" Beckworth’s application for rehearing: I write separately to state some of my reasons for doing so and to address some of the assertions Beckworth makes on rehearing.
In his application for rehearing, Beck-worth maintains that -“[t]his Court misapprehends- the 'Alabama Supreme Court’s reversal in Ex parte Beckworth,”-190 So.3d 571 (Ala.2013); Beckworth argues that “[b]y again -affirming the summary dismissal of [the] Brady [v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963),] claim on the basis that his petition did not include a statement that his defense counsel were unaware of the suppressed evidence at the time of trial, this Court has directly contradicted and circumvented the holding of Ex parte Beck-worth.” (Beckworth’s application for reh’g, p. 1.) Beckworth further - maintains that this Court -has erroneously “add[ed] a fourth element to the established Brady analysis.”
As to Beckworth’s assertion on rehearing that our November 14, 2014, unpublished memorandum misapprehends and directly contradicts the Alabama Supreme Court’s decision in Ex parte Beckworth, I disagree. The Supreme Court framed the issue before, it. on certiorari- .review, as “whether a Rule 32[, Ala. R.Crim.. P.,] petitioner has a duty to plead facts negating the affirmative defenses of preclusion under Rule 32.2(a)(3) and (5), Ala. R.Crim. P.,” Ex parte Beckworth, 190 So.3d at 571; the Supreme Court answered that queátion in the negative. It did not, however, address- whether the claim,was otherwise sufficiently pleaded. The Court presumably could have answered that question directly given that the second ground in Beckworth’s petition included lengthy arguments about the sufficiency of the Brady claim other than the specific "argument addressed by the Supreme Court in its opinión. As it stands, however, the Supreme Court "thought this Cdurt should "take the first opportunity to answer that question.
As this Court’s unpublished memorandum affirming this case on remand from the Alabama Supreme Court stated:
‘“To establish a Brady violation, [the defendant] must demonstrate (1) that the prosecution suppressed evidence; (2) that that evidences was favorable to him or exculpatory; and (3) that the evidence -was material.’ Ex parte Kennedy, 472 So.2d 1106, 1110 (Ala.1985). “‘Furthermore, the rule of Brady applies only in situations which involve ‘discovery after trial of information which had been known to the prosecution but unknown to the defense.’ United States v. Agurs, 427 U.S. [97], at 103, 96 S.Ct. [2392], at 2397 [(1976)].” Gardner v. State, 530 So.2d 250, 256 (Ala.Crim.App.1987), affirmed, Ex pdrte Weaver, 530 So.2d 258 (Ala.1988). (Emphasis in original.)’ Bates v. State, 549 So.2d 601, 609 (Ala.Crim.App.1989). See also Bryant v. State, 181 So.3d 1087 (Ala.Crim.App.2014).”
Thus, contrary to Beckworth’s assertion on rehearing, since at least 1976)-the United States Supreme Court has limited the application ,of the Brady rule to “situations .... [that] involye[ ] the discovery after trial of information which had been known to the prosecution but unknown to *578 the defense.” United States v. Agurs, 427 U.S. 97, 108, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (emphasis added). This Court’s memorandum affirmance on remand from the Alabama Supreme Court merely applies that rule to Beckworth’s petition.
The pleading requirements for a post-conviction petition under Rule 32, Ala. R.Crim. P., are well settled.
' “The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions .unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a-Rule 32 petition to be true, a court cannot determine whether the petitioner is. entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32:6(b). See Bracknell v. State, 883 So.2d 724 (Ala.Crim.App. 2003).”
Hyde v. State, 950 So.2d 344, 356 (Ala. Crim.App.2006).
“ ‘Rule 32.6(b) requires that the petition itself disclose the facts relied upon in. seeking relief.’ Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a conclusion ‘which,, if true, entitles] the petitioner to relief.’ Lancaster, v. State, 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of facts in pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner .is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts.”
Boyd v. State, 913 So.2d 1113, 1125 (Ala. Crim.App.2003).
Here, as this Court noted in its November 14, 2014, unpublished memorandum, Beckworth’s petition did not allege that the statement allegedly withheld was not known to the defense until after Beck-worth’s trial. Although not noted in our November 14, 2014, memorandum, Beck-worth’s petition also fails- to specifically plead facts demonstrating that the prosecution in fact knew about the statement before Beckworth’s trial. In relevant part, Beckworth’s petition alleges:
. “227. Byrd testified at Walker’s trial that he was Walker’s cell mate in the Houston County Jail after Walker, had been arrested and charged .with murd.er. Byrd and Walker had a conversation around June of 2000 in which Walker said that he pulled the - trigger..., Walker also, told Byrd .that Mr. Beck-worth went with him to commit the burglary. Byrd made a statement to Investigator Eric Sewell in June 2000 after this conversation.”
Notably, although the petition alleges that Byrd made a statement to Investigator Eric Sewell in June 2000, the petition does not allege what the substance of that statement was. Only after the circuit court had entered an order summarily disposing of the petition did Beckworth — in his September 6, 2007,- motion to reconsider— attempt, to assert what the substance of Byrd’s alleged June 2000 statement was. (C. 182.) As this Court’s 2009 opinion noted, however, Beckworth’s September 6, 2007, motion was an untimely attempt .to amend his petition. Beckworth v. State, 190 So.3d 527 (Ala.Crim.App.2009). Thus, not only was the circuit court not required to consider that motion, but it also should not form the basis upon which to reverse the circuit court’s judgment.