BURKE, Judge.
Thadduess Darnell Jones pleaded guilty to one count of conspiracy to commit murder, see § 13A-4-3, Ala.Code 1975, three counts of first-degree assault, see § 13A-6-20, Ala.Code 1975, and four counts of *381 second-degree assault, see § 13A-6-21, Ala.Code 1975. He was sentenced as a habitual felony offender .to 25 years’ imprisonment for the conspiracy conviction and 20 years’ imprisonment for each assault conviction, the sentences to be served concurrently. Jones made an oral motion to withdraw his guilty plea, which the Montgomery Circuit Court denied. Jones did not appeal. On May 20, 2014, Jones filed a timely petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. After a response from the State, the circuit court summarily denied the petition. This appeal follows.
In Cantu v. State, 660 So.2d 1026, 1029 (Ala.1994), the Alabama Supreme Court held that, “even though a defendant could file a motion under the provisions of Rule 14 [,Ala. R.Crim. P.,] to withdraw a plea of guilty and could appeal a trial court’s ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of the guilty plea.”
In his petition, Jones argued that his guilty plea was unconstitutional because, he said, he did not enter the plea knowingly, intelligently, and voluntarily.[1] Specifically, Jones asserted that he entered into a plea agreement with the State pursuant to which the State would recommend concurrent sentences of 20 years’ imprisonment for each conviction in exchange for Jones’s guilty pleas. According to Jones, the trial court verbally agreed to that arrangement as well. Although Jones received a 20-year sentence for each of his assault convictions, the trial court sentenced him to 25 years’ imprisonment for his conspiracy-to-commit-murder conviction. Jones argued that the 25-year sentence violated of the plea agreement.
In its response and motion to dismiss, the State claimed that no plea agreement existed and that, therefore, Jones could not meet his burden of proof. The State argued that, “[without any evidence whatsoever of the existence of a plea agreement, [Jones] cannot meet his burden of proving his claim by a preponderance of the evidence.” (C. 23.) The State also argued that, “[e]ven if a plea agreement had been in place, the Court was still free to reject its recommendation and sentence [Jones] to an appropriate sentence.” (C. 24.)
In its order denying Jones’s Rule 32 petition, the circuit court also asserted that no plea agreement existed and stated: “The Court takes notice that it rarely agrees to a sentence before a defendant has [pleaded] guilty. Any discussion with [Jones’s] counsel concerning a possible twenty-year sentence was nothing more than the Court expressing what it felt would be an appropriate sentence.” (C. 31.) Thus, it appears from the face of the circuit court’s order that the court did engage in discussions with Jones about a possible sentencing recommendation.
In his petition, Jones asserted that he was induced to plead guilty based on the State’s offer to recommend a 20-year sentence in each case. Although a trial court is not bound to accept an agreement between the defense and the prosecution, see Ex parte Yarber, 437 So.2d 1330, 1336 (Ala.1983), Jones attached a letter from defense counsel to his Rule 32 petition that stated that the trial court did agree to *382 accept the State’s recommendation.[2] In the letter, Jones’s counsel stated:
“While the Judge had agreed verbally that you would receive a twenty year sentence, as you are aware, he changed his mind based upon the perception you had one more prior felony than he was aware of.... Apparently once the judge brought you back and realized one of the felonies was not to be counted as a prior, he still left you with a 25 year sentence. As you are aware, I asked the court to allow you to withdraw your guilty plea which was denied. You may wish to retain your own counsel and have them follow up on this matter. I will be glad to speak with them and will verify that we were told we were getting a 20 year sentence to run concurrent with all other charges.”
(C. 19.) Thus, Jones has alleged that both the State and the trial court agreed to a 20-year sentence in each of his cases.
Rule 14.3, Ala. R.Crim. P., provides:
“(a) Entering Into Plea Agreements. The prosecutor and the defendant or defendant’s attorney may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecutor either will move for dismissal of other charges or will recommend (or will not oppose) the imposition or suspension of a particular sentence, or will do both.
“(b) Disclosure of Plea Agreement. If a plea agreement has been reached by the parties, the court shall require the disclosure of the agreement in open court prior to the time a plea is offered. Thereupon, the court may accept or reject the agreement or may defer its decision as to acceptance or rejection until receipt of a presentence report.
“(c) Acceptance or Rejection of Plea Agreements.
“(1) If the court accepts the plea agreement, the court, after compliance with Rule 14.4, shall inform the parties that it will embody in the judgment and sentence the disposition provided for in the plea agreement.
“(2) If the court rejects the plea agreement, the court shall:
“(i) So inform the parties;
“(ii) Advise the defendant and the prosecutor personally in open court that the court is not bound by the plea agreement;
“(iii) Advise the defendant that if the defendant pleads guilty, the disposition of the case may be either more or less favorable to the defendant than that contemplated by the plea agreement;
“(iv) Afford the defendant the opportunity to -withdraw the defendant’s offer to plead guilty;
“(v) Afford the prosecutor the opportunity to change his recommendations; and
“(vi) Afford the parties the opportunity to submit further plea agreements.
[[Image here]]
Rule 32.3, Ala. R.Crim. P., states that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to enti- *383 tie the petitioner to relief.” As noted, Jones alleged that, in exchange for his pleas of guilt, the State agreed to recommend that he be sentenced to 20 years’ imprisonment for each count. Jones also alleged that the trial court verbally agreed to that arrangement. Thus, Jones’s claims, if true, would mean that the trial court did not comply with Rule 14.8, Ala. R.Crim. P., when it sentenced him to 25 years’ imprisonment. If the trial court did not intend to accept the alleged plea agreement, it should have complied with the provisions of Rule 14.3(c)(2), Ala. R.Crim. P.
Accordingly, this case is remanded with instructions that Jones be given the opportunity to prove his claim that both the State and the trial court agreed to a 20-year sentence in exchange for his guilty plea. As Judge Kellum notes in her special concurrence, Alston v. State, 455 So.2d 264 (Ala.Crim.App.1984), and other cases do not require Jones to prove that the trial court entered into any type of agreement in order to be entitled to relief. 214 So.3d at 385. The circuit court may hold an evidentiary hearing or take evidence by other means as provided by Rule 32.9, Ala.R.Crim. P.[3] The record on return to remand shall contain a transcript of any evidentiary hearing that is held, as well a transcript of Jones’s guilty-plea colloquy in case no. CC-12-455. Additionally, the circuit “court shall make specific findings of fact relating to each material issue of fact presented.” Rule 32.9(d), Ala. R.Crim. P.
REMANDED WITH INSTRUCTIONS.*
WINDOM, P.J., and WELCH, J., concur. KELLUM, J., concurs specially, with opinion, which JOINER, J., joins.

. Jones also argued that his conviction violated the prohibition against double jeopardy. However, Jones failed to address the double-jeopardy claim in his brief on appeal. Allegations not expressly argued on appeal are deemed to be abandoned and will not be reviewed by this Court. Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995).

. "Although a Rule 32 petitioner is not required to include attachments to his or her petition in order to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), when a petitioner does so, those attachments are considered part of the pleadings.” Conner v. State, 955 So.2d 473, 476 (Ala.Crim.App.2006). See also Ex parte Lucas, 865 So.2d 418 (Ala.2002) (noting that attachments to a Rule 32 petition are considered part of the pleadings).

. "The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the-presence of the petitioner is not required, or the court may take some evidence by such means and other evidence in an evidentiary hearing.” Rule 32.9(a), Ala. R.Crim. P.

 Note from the reporter of decisions; On October 22, 2015, following a return to its remand order, the Court of Criminal Appeals again remanded this case by an order. On February 10, 2016, on return to second remand, the Court of Criminal Appeals dismissed the appeal, without opinion.